## SARAH MEANS *et al.*

*v.*

## GEORGE R. MEANS.

1.   ALLEGATIONS AND DECREE — *should correspond.*   A decree cannot properly be entered concerning a subject which is not embraced in any of the pleadings in the cause.

2.   So, where a purchaser of land filed a bill against the heirs of his vendor, to compel a conveyance to him, and a decree was rendered to that effect, upon approving the master's report that he had conveyed to the complainant, the court directed another parcel of land, not included in the former decree, to be conveyed to certain third persons, as purchasers from the complainant, when there was nothing upon the files or records of the court as a foundation for such new order.   This was error.

3.   If such purchasers had acquired rights in the subject-matter of the suit, in regard to which they desired the action of the court, they should have filed their petition asking to be made parties, and stating the facts from which their interest arose.

4.   AMENDMENT OF DECREE — *notice.*   After a decree has been rendered in a cause, settling the rights of the parties, and nothing remains but to execute it, it should not be opened for the purpose of a new adjudication upon the merits, or an amendment of the decree in a material point should not be allowed, without such notice to the opposite party as will give him the opportunity of being heard.

WRIT OF ERROR to the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

The opinion of the court states the case.

Messrs. Ingersolls & Puterbaugh, for the plaintiffs in error.

Mr. John Burns and Mr. A. E. Stevenson, for the defendant in error.

Mr. Justice Lawrence delivered the opinion of the Court:

George R. Means filed a bill against the heirs of Joseph Means, praying for a conveyance of certain real estate claimed to have been contracted to him by Joseph Means in his lifetime. The adult defendants made default, and the court decreed a conveyance. The master made the conveyance, and at a subsequent term reported it to the court, whereupon a decree was pronounced approving the deed and report, and at the same time directing another parcel of land, not included in the former decree, to be conveyed to Richardson and Bullock as purchasers from George R. Means. This was done without any thing being placed upon the files or records of the court as a foundation for this new and most material order, and was error. If Bullock and Richardson had acquired any rights in the subject matter of the suit, in regard to which they desired the action of the court, they should have filed their petition, asking to be made parties, and stating the facts from which their interest arose. So, too, of the amendment of the original decree. It is a matter of doubt, and probably in the future progress of the suit will be the subject of controversy, whether the parcel of land newly embodied in the decree by the amendment, was really described in the original bill, and in the contract between Joseph Means and George R. Means. An amendment of so grave a character should not have been allowed without a formal motion made for that purpose, with notice to the defendants of its pendency. True, they were nominally in court, but the decree settling their rights, and with which they might have rested content, had been made at a former term. As nothing remained but to execute it, they and their counsel would cease to give the suit any further atten-

tion.   The court should not have opened it for the purpose of a new adjudication upon its merits without such notice to them as would give them the opportunity of being heard.   The decree is reversed and the cause remanded.

*Decree reversed.*