### Jacob Rosenberg et al. v. Hyman B. Stern et al.

1.  APPELLATE COURT PRACTICE—*What an Appeal Brings Before the
Court.*—An appeal from an order denying an application to file an inter-
vening petition does not bring before the court for review, errors in the
final decree or in the proceedings ant·rior thereto.

2.  SAME—*Province of the Reviewing Court.*—The province of a re-
viewing court is limited  to the consideration of  assigned errors of  law
or fact in the trials of causes.

3.  SAME—*Disrespectful Language in Briefs and Arguments.*—Lan-
guage in the briefs and arguments of counsel which is  indecorous and
disrespectful to the trial court, will be stricken out on motion.

**Appeal,** from an order denying an application to file an  intervening
petition, entered by the Circuit Court of Cook County; the Hon. ELBRIDGE
HANECY, Judge, presiding.  Heard in this court at the March term,
1898,  Affirmed.  Opinion filed June 29, 1898.

MORAN, KRAUS & MAYER and HOFHEIMER & PFLAUM, attor-
neys for appellants.

Ordinarily the expenses of the  receivership  are  charged
against the fund which comes to the receiver's hands.   But
if the funds are insufficient to meet the expenses, they may
be taxed as costs.   If the receiver is improperly appointed
the expenses may be taxed against the party who procured
the appointment.  If the receiver is properly appointed,
and the funds are insufficient to meet the expenses they will
be taxed as costs against the losing party.   French v. Gif-
ford, 31 Iowa, 428; City of St. Louis v. St. Louis G. L. Co.,
11 Mo. App. 237; City of St. Louis v. St. Louis G. L. Co.,
11 Mo. App. 243; City of St. Louis v. St. Louis G. L. Co.,
87 Mo. 223; Brindage v. Home Sav. & Loan Ass'n, 39 Pac.
Rep. 669; Einstein v. Lewis, 54 Ill. App. 520; Myres v.
Frankenthal, 55 Ill. App. 390.

The rule is  that while  the  fund  in  the  hands  of  the

receiver is primarily liable for the receivership expenses, yet if that fund fail or has been distributed, or if the receiver is improperly appointed, the expenses incurred by the receiver are properly taxed against the party procuring the appointment of the receiver. Knickerbocker v. McKindley Coal and Mining Co., 67 Ill. App. 291; Highley v. Deane, 168 Ill. 266.

Courts of chancery are without jurisdiction to decree dissolution of corporations. People v. Weigley, 155 Ill. 491, 503–506. Coquard v. National Linseed Co., 171 Ill. 480, 485; Hunt v. LeGrand Roller Skating Co., 143 Ill. 118; Wheeler v. Pullman Iron & Steel Co., 143 Ill. 197.

Francis W. Walker, attorney for certain appellees; Newman, Northrup & Levinson, of counsel.

Inasmuch as this appeal does not purport to have been taken from the decree itself but only from an order denying a motion (attempted to be) made after a final decree had been rendered, the decree itself is not before the court for consideration, nor are any of the proceedings prior to this motion reviewable here. Nelson v. Benson, 69 Ill. 27; Schwartz v. Southerland, 51 Ill. App. 178; Radge v. Berner, 30 Ill. App. 183.

The motion from which this appeal purports to have been taken was made in a cause wherein a final decree had been rendered at a prior term. The court, therefore, had no jurisdiction to entertain the motion, and certainly no jurisdiction to grant it.

The rule in this particular is the same in equity as at law. Jacquemart v. Erb, 53 Ill. 291; Lilly v. Shaw, 59 Ill. 77; Hurd v. Goodrich, 59 Ill. 450; Davenport v. Kirkland, 156 Ill. 175.

"That the motion can not be entertained at all at a subsequent term after final judgment is settled by the case of Cook v. Wood, 24 Ill. 295." Cox v. Brackett, 41 Ill. 225.

Mr. Presiding Justice Adams delivered the opinion of the court.

This is an appeal by Jacob Rosenberg, Charles L. Wil-

loughby and Isaac H. Mayer from an order entered in the suit of Hyman B. Stern et al. v. Willoughby, Hill & Co., a corporation, et al., in chancery, refusing permission to appellants to file an intervening petition in said suit. The bill in the cause of Herman B. Stern et al. v. Willoughby, Hill & Co., et al., filed March 2, 1897, was in the nature of a creditor's bill, and was filed under and in pursuance of section 25 of the general act concerning corporations. Issues were made up and a final decree was rendered in the cause April 17, 1897, at the March term of the court. In the record, as it was April 17, 1897, the following order appeared:

· " The motion of Max Hart, composing the firm of Hart, Schaffner & Marks, to set aside the decree entered herein at this date, was ordered by the court entered and continued to the next term of this court." May 15, 1897, at the April term of the court, Simon Kirschbaum and others moved to set aside the decree entered April 17, 1897, which motion was continued to the May term of the court. May 17, 1897, being the first day of the May term of the court, appellants moved the court for leave to file an intervening petition, and an order was entered that the motion to set aside the decree of April 17, 1897, should not be disposed of or withdrawn, without at least one day's notice to Moran, Kraus & Mayer, solicitors for appellants. May 24, 1897, an order was entered reciting that the motion of Max Hart was argued, etc., and overruled, and at the same date an order was entered overruling the application of appellants for leave to file an intervening petition, to which last order appellants excepted.

The appeal being solely from the order denying the application of appellants to file an intervening petition, does not bring before us for review errors, if any, in the final decree, or in the proceedings anterior thereto, notwithstanding which a large part of the arguments of appellants' counsel is devoted to the discussion of alleged errors in such proceedings and in the decree. The following appears in the certificate of evidence in the record: " The court further

certifies that no order was ever directed to be entered by this court in the above entitled cause of Hyman B. Stern et al. v. Willoughby, Hill & Co. et al., or any other cause, granting leave to Max Hart, or to the firm of Hart, Schaffner & Marks, or to all, any or either of the members of said firm of Hart, Schaffner & Marks, to set aside the final decree entered in said cause of Herman B. Stern et al. v. Willoughby, Hill & Co. et al., and that the following words now appearing upon the records of this court, in said cause of Hyman B. Stern et al. v. Willoughby, Hill & Co. et al., under date of the 17th day of April, A. D. 1897, to wit, ' The motion of Max Hart, composing the firm of Hart, Schaffner & Marks, is ordered by the court entered and continued till the next term of this court,' were never ordered to be entered by this court, and appear upon the records of this court without the direction or authority of this court, and ought to be expunged, and are this day expunged from said records, viz., on September 24, 1897. To the entry of which order expunging said words and modifying said record, said petitioners hereby except and object, and then and there excepted and objected."

September 28, 1897, the court, on notice to appellants and others interested, entered an order amending the record by expunging therefrom the order of April 17, 1897, reciting the motion of Max Hart to set aside the decree and continuing the motion to the next term.

Appellants' counsel vigorously assail the proceedings in relation to the expunging from the record the order of April 17th, although that order is not appealed from.     Waiving, for the present, consideration of those proceedings, we will consider appellants' rights in the premises, on the hypothesis that the order of April 17th, relating to Hart's motion, was properly entered and remains in force.     Max Hart was not a party to the cause of Stern et al. v. Willoughby, Hill & Co. et al.     He filed neither petition nor affidavit, nor any document whatever showing that he had any interest in the cause or in any matter involved in it.     He came before the court a mere stranger to the cause, and merely moved, as

the record recites, to set aside the final decree. He had no
standing in court, and the court, on the hypothesis that he
made such motion, should have refused to entertain or con-
sider it. But, if the court did, as the record before amend-
ment recited, continue the motion to a subsequent term, the
motion, when reached for hearing, was properly overruled.
The motion of appellants for leave to file an intervening
petition was made at the May term, 1893, a full term hav-
ing intervened between the date of the final decree and May
17, 1893, the date of appellants' motion. Appellants' coun-
sel contend that the continuance of the Hart motion till the
April term gave the court " the same power over the cause
at the April term that it had at the March term," etc., and
that the Hart motion being still pending May 17, 1893, their
application was in apt time; and cite Windett v. Hamilton,
52 Ill. 180, and Hibbard v. Mueller, 86 Ill. 256, in which cases
it is merely decided that when a motion is made to set aside
a default and vacate a judgment at the term at which the
judgment is rendered, and is continued till the next term,
the court has power at such next term to vacate the judg-
ment. Giving to the continuance of Hart's motion the
utmost effect which it could have if made by one entitled
to make it, it merely operated to preserve the jurisdiction
of the court to consider and act on that motion at a subse-
quent term. On the hypothesis that the petition which
appellants asked leave to file was a meritorious one, and
such, in all respects, as the court should permit to be filed,
if application for leave to file it were made in apt time,
then the application having been made after the term at
which the final decree was rendered, the possible future right
of appellants to file the petition depended solely on the action
of the court on the Hart motion, and when the court very
properly overruled that motion, appellants' application was
also properly and necessarily overruled.

In view of what has been said, we deem it unnecessary to
consider the expunging order of September 28, 1893. A
motion made by appellees' counsel to strike from the files
the briefs of counsel for appellants, on the ground that they

contain language indecorous and disrespectful to the court, was reserved till the hearing. In support of their motion excerpts from pages 1, 2, 6, 18 and 25 of the opening argument of appellants' counsel, containing the language complained of, have been filed. The language of these excerpts can not be otherwise considered than as indecorous and disrespectful to the trial court. Remarks which, perhaps, might find some slight palliation when uttered in the heat or excitement of oral debate, may be inexcusable when coolly committed to writing. If counsel would only bear in mind that the province of a reviewing court is limited to the consideration of assigned errors of law or fact in the trials of causes, and that remarks not pertinent to such errors are wholly irrelevant and can not benefit the causes which they advocate, and that the judges of reviewing courts are not censors *morum* of their brother judges presiding in the trial courts, such language as that complained of would occur more rarely, if ever.

The language in the excerpts above mentioned, and contained on pages 1, 2, 6, 18 and 25 of the briefs of counsel for appellants will be stricken from said briefs, and the order appealed from will be affirmed.