177  437
179   31

JACOB ROSENBERG *et al.*

*v.*

HYMAN B. STERN *et al.*

*Opinion filed December 21, 1898—Rehearing denied February 9, 1899.*

PRACTICE—*unauthorized motion by stranger, after final decree, does not preserve court's jurisdiction.* A motion entered by a stranger without authority of the court, after a final decree asking that such decree be set aside, which is continued to the following term, at which it is overruled and expunged from the record, does not keep the cause pending, so as to entitle other parties at the following term, but before the motion is passed upon, to file another motion for leave to file an intervening petition.

*Rosenberg* v. *Stern,* 77 Ill. App. 248, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

MORAN, KRAUS & MAYER, for appellants.

FRANCIS W. WALKER, and FLOWER, SMITH & MUSGRAVE, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

In a chancery suit entitled *Stern et al.* v. *Willoughby, Hill & Co.,* a corporation, a final decree was entered on April 17, 1897, at the March term of the circuit court of Cook county. On that day Max Hart, of the firm of Hart, Schaffner & Marx, (it not appearing that said firm were interested whatever in the proceedings,) made a motion in the cause to set aside the decree, which motion was entered and continued to the next term. On May 17, 1897, being the first day of the May term following, Jacob Rosenberg *et al.,* who are appellants here, moved the court for leave to file an intervening petition, in response to which an order was entered that the motion previously entered by Hart to set aside the decree should not be dis-

posed of or withdrawn without at least one day's notice
to Moran, Kraus & Mayer, solicitors for appellants. On
May 24 thereafter, the motion of Hart to set aside the
decree was argued and overruled and subsequently his
motion expunged from the record, and on the same date
(May 24) an order was entered overruling the motion of
appellants for leave to file an intervening petition, to
which latter ruling appellants excepted. From the order
denying leave to file the intervening petition an appeal
was prayed to the Appellate Court for the First District,
where the action of the circuit court was affirmed. The
cause is brought here upon further appeal.

The contention of appellants is, that the decree of
April 17 was not final; that the motion of Hart to set
aside the decree, upon which a continuance was taken to
the next term, kept the cause still pending, and there-
fore the motion of appellants for leave to file an inter-
vening petition, though at a subsequent term, was made
in apt time. The decree clearly purports to dispose of
the matters involved in the chancery suit upon their
merits, leaving nothing to be judicially determined be-
tween the parties. That it was a final decree cannot be
questioned. It being a final decree, the question then is,
did the motion of Hart, which was continued to a subse-
quent term, keep the cause open sufficiently to preserve
appellants' right to make the motion contended for? Un-
der the facts appearing from the record the affirmative
of this proposition cannot be maintained, for the reason
that Hart's motion appears to have been improperly en-
tered of record, it being entered without the direction or
authority of the court, and for that reason the order con-
tinuing the motion of Hart was, on September 28, 1897,
expunged from the record. The action of the court in
expunging that order from the record, and also overrul-
ing Hart's motion, is not open to review by us, no error
being assigned raising that question. Appellants' mo-
tion, depending, as it did, upon the validity of the motion

of Hart, when the court overruled the latter, was necessarily overruled. Under this state of facts, even supposing appellants' petition set forth a meritorious cause of action, the application, having been made after the term at which the final decree was rendered, was not made in apt time, the jurisdiction of the court having ceased, and appellants' application was therefore properly disallowed.

This appeal, being solely from the order denying the application of appellants to file the intervening petition, does not involve matters set forth in the decree, and they are not before us for review.

The action of the Appellate Court affirming the order of the circuit court of Cook county in this cause is affirmed.

*Decree affirmed.*