George M. Marks, Plaintiff, v. Donald J. O'Donnell
et al., Defendants.

George Martin, Appellant, v. John Guskay et al.,
Appellees.

Gen. No. 25,916.

1. MORTGAGES, § 524*—*when court may vacate order approving
receiver's report.* Even though the term at which it was entered
has ended, a court may vacate its order approving the final report
of a receiver appointed to collect profits in proceedings to foreclose
a trust deed and open up its decree if, on hearing, it is found that
the receiver procured the court's approval by fraudulently failing
to serve proper notice on one of the defendants to the foreclosure
of the making of the motion.

2. MORTGAGES, § 520*—*what are duties of receiver to foreclose
trust deed.* Under the rules of the circuit court of Cook county,
it is the duty of a receiver appointed in proceedings to foreclose
a trust deed to serve due notice upon a defendant to such proceed-
ing of the motion to have the receiver's final report approved.

3. RECEIVERS, § 48*—*when report of receiver may be modified.*
A court has power to compel a receiver appointed by it to modify
his report at a term subsequent to that at which he was dis-
charged.

Appeal from the Circuit Court of Cook county; the Hon. MER-
RITT W. PINCKNEY, Judge, presiding. Heard in this court at the
March term, 1920. Affirmed. Opinion filed June 28, 1920.

SIMON P. GARY and C. L. CASSIDAY, for appellant.

JOHN H. LALLY, for appellees.

MR. JUSTICE DEVER delivered the opinion of the
court.

July 1, 1915, George Martin, appellant, was ap-
pointed receiver to collect the rents and profits, etc.,
issuing out of certain real estate, in proceedings to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

foreclose a trust deed, and he served as such until discharged by an order of court September 26, 1918.

March 31, 1919, a motion was entered to vacate the order of September 26, 1918, approving the receiver's final report and discharging him as such. This motion was allowed April 21, 1919, and time was given for filing objections to the report and account. Objections which were subsequently filed were allowed and a decree was entered which found that "said final report was false and fraudulent; and that credits or claims for expenditures are made which never were paid by said receiver." The decree recited the specific facts and the items upon which the chancellor based his conclusion that the receiver had been guilty of fraud, and it stated that he, the receiver, had in his possession $737.21 belonging to the trust in his charge, and it ordered and decreed that the receiver pay this sum to the clerk of the court within 2 days from the date of the order of the decree, June 13, 1919. September 15, 1919, a motion made by the receiver to vacate the order of June 13, 1919, was denied and the receiver brings the case to this court by appeal.

The evidence introduced upon the hearing of the cause is not included in the abstract of record, but the decree appealed from specifically recites facts which, if true, show that the receiver was guilty of fraud as found in the decree. In deciding the point made that the court had no jurisdiction after the term to vacate its order of September 26, 1918, approving the final report and account of the receiver, it should be borne in mind that the decree entered does not find against one of the parties to the litigation; it finds, in express terms, the receiver, an officer of the court, guilty of a violation of his duty as such. Usually a judgment or decree of a court becomes binding upon parties thereto as well as upon the court after the term has elapsed at which the judgment or decree has been entered. There are, however, some

statutory and common-law exceptions to this general rule, as for instance, where a sheriff has made a false return, advantage may be taken thereof before judgment by plea to the jurisdiction of the court, and after judgment and during the term by motion to vacate the judgment; but where the false return has been brought about by fraudulent conduct of the plaintiff, the judgment may be vacated by motion or on petition filed in the cause, after the term has elapsed. *Chapman v. North American Life Ins. Co.*, 292 Ill. 179.

We have no doubt of the power of the court to open up its decree, if on hearing it was found that the receiver had procured the approval of the court of his report by fraudulently failing to serve proper notice upon appellee of the making of the motion. Guskay's affidavit alleges that he was one of the defendants to the foreclosure proceedings and that he had never received any notice of the application for the approval of the receiver's final account and report on September 26, 1918, and the receiver now asserts, in effect, that as a result of such conduct on his part the court has lost jurisdiction over him in the proceedings and is unable to compel him to so modify his final report as to make it speak the truth. It was incumbent upon the receiver, under the rules of the circuit court of Cook county, to serve due notice upon Guskay of the motion to have the final report approved. *Means v. Means*, 42 Ill. 50. Appellee is not a stranger to the proceedings. *Rosenberg v. Stern*, 177 Ill. 437.

In the case of *Wright v. Simpson*, 200 Ill. 56, it was held that an order of the probate court obtained by fraud upon and without notice to an interested party may be set aside upon a petition at a subsequent term. In its opinion the Supreme Court said:

"Again, 'courts of justice have power, on due proceedings had, to set aside or vacate their judgments

and decrees, whenever it appears that an innocent party, without notice, has been aggrieved by a judgment or decree obtained against him without his knowledge, by the fraud of the other party. Nor is the principle limited in its operation to courts which proceed according to the course of the common law.' * * * It is undoubtedly true that a decree or judgment, standing unreversed and in force, cannot be called in question or impeached in a collateral proceeding, but the filing of the petition here is not an attempt to avoid the effect of a judgment in a proceeding purely collateral. A judgment, obtained by fraud at a former term of the court, can be re-examined and set aside at a subsequent term of the court by the party aggrieved by the fraud. (*Edson v. Edson*, 108 Mass. 590.) Upon proof of fraud or collusion in the procurement of a judgment such judgment may be vacated at any time. (Freeman on Judgments, sec. 99.) As was said in *Pease v. Roberts, supra* [16 Ill. App. 634], a court may 'protect its own dignity and prevent itself from being made an instrument in the hands of a designing man to accomplish a wrong.' "

The issues presented to the chancellor for decision concern only the conduct of the receiver in the administration of his office. The rights of innocent third parties are in no sense affected by the decree appealed from, and aside from authority one is impressed by the apparent soundness of the conclusion reached in the case of *Wright v. Simpson, supra,* that the trial court was not powerless in the presence of palpable fraud to correct an order of the court procured by the wrongful conduct of its own officer.

In the present proceeding the charge is made that the receiver has been guilty of fraud, first, in failing to give appellee notice of the application to the court for the approval of the final report and account, and, second, in making false and fraudulent reports of his expenditures as such receiver. The chancellor set aside the order approving the receiver's report

on a finding based upon affidavits which showed that the order was entered without notice to appellee, an interested party to the suit. The abstract of record filed here fails to show the service of such notice upon appellee. We are unable to determine from the abstract of record whether the proceedings for the foreclosure of the trust deed are pending in the trial court, but in any event it is our opinion that the court had power to compel the receiver, at a term subsequent to that of his discharge, to modify his report.

The decree of the circuit court of Cook county will be affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE HOLDOM and MR. JUSTICE MC-SURELY concur.