**In the Matter of the Estate of R. Leo Schwarz, Deceased.**
**Sigma Alpha Epsilon Fraternity and Illinois Psi Omega Association of Sigma Alpha Epsilon, Petitioners-Appellants, and Mrs. A. H. Caffee, et al., Petitioners-Separate Appellants, v. James Schwarz and Kathryn Colten, Respondents-Appellees.**

Gen. No. 49,616.

First District, Fourth Division.

March 17, 1965.

■■■■■■■

■■■■■■■

■■■■■■■

Eugene R. Ward and Norman H. Pritchard, of Chicago (Warren J. Carey, Pritchard, Chapman, Pennington, Montgomery & Sloan, of counsel), for appellants.

Stephen M. Herman, of Chicago, for appellees.

PER CURIAM.

This case involves an attempted appeal from denial of probate to a document offered as the will of R. Leo Schwarz, deceased. Appellants are two groups of persons named as beneficiaries under the proposed will. Appellees are the niece and nephew of the decedent who are his only heirs, and who were expressly disinherited in the proposed will.

The alignment of parties in the trial court was not so logical. James Schwarz, decedent's nephew, had been appointed Administrator to Collect, and it was on his petition that the document was offered for

admission to probate. Upon the appearance of the designated legatees, they contended for probate, while the petitioner sought to have his petition denied.

After hearings before a deputy clerk of what was then the Probate Court of Cook County, it was ordered by the Judge of the Probate Court on July 2, 1963, that the purported will be denied probate.

On July 31, 1963, a written motion was filed by the beneficiaries and true proponents of the purported will asking the court to vacate its order of July 2, and to admit the document to probate, or, in the alternative, to conduct a rehearing on the matter of its probate. Their motion also asked the court to extend the time within which they might perfect their appeal until 60 days after disposition of the motion.

A number of hearings were held on the motion, it was taken under advisement, and then on October 8, 1963, an order was entered denying the essential parts of the motion. The same order did, however, grant that part of the motion which had asked for an extension of 60 days from the date of the order within which the proponents of the will might perfect their appeal. Such an "extension" merely incorporated in the order the time limit for filing a notice of appeal as provided in the Civil Practice Act by a combination of Sections 68.3 and 76. Ill Rev Stats c 110, §§ 68.3, 76.

Within 60 days after October 8, 1963, therefore, an appeal could have been perfected from the orders of July 2 and October 8 by the filing of a notice of a notice of appeal.[1] This was not done.

---

[1] Pertinent parts of Section 76 provide:

(1) No appeal may be taken from a trial court to the Supreme or Appellate Court after the expiration of 60 days from the entry of the order, decree, judgment or other determination complained of, but notice of appeal may be filed after the expiration of said 60 days, and within a period not to exceed 14 months from the entry of the order, decree, judgment or other determination

A second motion to vacate was filed, however, on November 13, 1963, by the proponents of the purported will. It is extremely doubtful that Section 68.3 [2] may be relied upon to enlarge the time for appeal by the filing of repeated or successive motions to vacate, each within 30 days after denial of the previous one. The statutory language seems to contemplate only one such motion as a new parallel to the one post-trial motion previously provided for in jury cases by Section 68.1 and its predecessors. Furthermore, if the proliferation of such motions were permitted to its logical extreme,

complained of, by order of the reviewing court, entered within the 14 months, upon petition filed and notice given to adverse parties within 1 year from the entry of the order, decree, judgment or other determination, and upon a showing by affidavit that there is merit in appellant's claim for an appeal and that the failure to file notice of appeal within the 60-day period, or the failure properly to prosecute an appeal which was perfected within the 60-day period was not due to appellant's culpable negligence. The fact that appellant may have filed a notice of appeal prior to the filing of his petition for leave to appeal does not deprive the reviewing court of the power in its discretion to grant leave to appeal. . . .

(2) An appeal is perfected when the notice of appeal is filed in the lower court. After being perfected no appeal shall be dismissed without notice, and no step other than that by which the appeal is perfected is jurisdictional.

[2] Section 68.3 reads:

(1) In chancery cases and in cases at law tried without a jury, any party may, within 30 days after the entry of the decree or judgment, file a motion for a rehearing, or a retrial, or modification of the decree or judgment or to vacate the decree or judgment or for other relief. Neither the filing of nor the failure to file a motion under this section limits the scope of review.

(2) A motion filed in apt time stays execution, and the time for appeal from the decree or judgment does not begin to run until the court rules upon the motion.

Section 50(6) provides:

The court may . . . on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable.

459

▮▮▮▮▮▮▮▮▮▮▮

neither appellate review nor finality of judgments could ever be accomplished. In any event, reviewing the November 13 petition apart from the question of its being repetitive, it cannot be considered as tolling the time for appeal under the conditions of Section 68.3 because it was not filed within 30 days after entry of the order of October 8.

In an appropriate case it would be possible to obtain relief through further proceedings in the trial court, even after 30 days from the entry of a final order, by filing the type of petition authorized by Section 72 of the Practice Act. Such a petition would not suspend the time for appealing from the order complained of, but an order denying the relief prayed for in the petition would itself be appealable. Ill Rev Stats c 110, § 72(1), (4), (6), (7).

▮ Examination of the petition filed on November 13, however, discloses that it does not purport to be drawn under the authority of Section 72, since it merely restates the same grounds of the July 31 motion, though expanded in detail and accompanied by extensive argument and citation of authorities. Jones v. Jones, 32 Ill App2d 64, 176 NE2d 635. It also prays for the same relief as the motion of July 31 except that it is directed to the vacating of the order of October 8 rather than the order of July 2. In sum, the November 13 petition amounts to a collateral attack on those orders (Cherin v. The R. & C. Co., 11 Ill2d 447, 454, 143 NE2d 235) while embodying none of the characteristics of a qualified Section 72 petition. It merely seeks to have the trial court review its own orders as to questions already decided. This a trial court cannot do after the expiration of 30 days. Brockmeyer v. Duncan, 18 Ill2d 502, 505, 165 NE2d 294.

▮ There having been no proceedings under Section 72, it is our opinion that, when 30 days expired fol-

lowing entry of the October 8 order, the trial court retained jurisdiction over matters pertinent to review of the dispute in this case only for the filing of timely notices of appeal, the fixing and filing of a bond, and the approving and filing of a report of proceedings. Thus, in our opinion, the petition of November 13 is a nullity and all actions taken in regard thereto are of no effect.

It is obvious, however, that the parties and the trial court held a different view because the jurisdictional point was not raised either there or in this court, and much time, effort and money were expended by all concerned on the disposition of that petition in the trial court, and on the presentation of the case for review here.

On November 27, 1963, James Schwarz (by now the Administrator of his uncle's estate) filed a reply to the November 13 petition setting forth as grounds for opposition that the issues raised thereby had been disposed of previously at both the hearing on the admission of the purported will to probate (resulting in the order of July 2) and the hearing on the motion to vacate (resulting in the order of October 8).

The petition and reply were pending on hearing when the 60-day period for filing notice of appeal from the order of October 8 was drawing near a close. It is apparent that the parties and the court were mindful of this, for on December 5, 1963, an order was entered providing that "the time within which any party to this proceeding may perfect its appeal to the Appellate Court of the State of Illinois is hereby extended until 60 days from the date of the determination of the pending petition."

After hearings were concluded, the court denied the petition on December 13, 1963, and again ordered that

461

the time for perfecting an appeal be "extended" 60 days from the date of the order.

On February 11 and 12, 1964, the proponents of the purported will filed notices of appeal and the case then proceeded in this court. With the periodic extensions of time requested and allowed, the last briefs were filed approximately coincident with expiration of the year within which a petition for leave to appeal might have been filed under Section 76. No such petition was filed, although, by the express language of that section, the filing of the February notices of appeal would have afforded no hindrance to doing so.

██ We come, then, to the question as to whether or not this court has any power or authority to determine the issues of this case on their merits, and our conclusion is that we do not. For many reasons of public policy there must be limits within which an order final by its terms becomes final for all purposes. The legislature has set 60 days from the entry of the order as the time limit for appeal as a matter of right. Petition for later appeal, in the discretion of the reviewing court, may be filed within a year. No court has any power to enlarge these statutory periods, and failure to file timely notice of appeal leaves the reviewing court without power to proceed. A reading of Sections 74 and 76 leads compellingly to this conclusion, especially in view of the provision in Section 76 (somewhat obliquely stated as applied to this case) to the effect that no step other than the filing of the notice of appeal is jurisdictional.

The orders of the Probate Court entered on December 5 and 13, 1963, by which it attempted to extend the time to file notices of appeal from the order of October 8, were, therefore, beyond its authority, and the notices filed pursuant thereto were of no effect. In consequence, any order which this court might enter in

affirmance or reversal of the Probate Court's denial of probate would also be void for want of authority, and not only subject to reversal on that ground, but also subject forever to collateral challenge.

No court likes to dispose of any case other than on the merits of the dispute, but reluctantly we must conclude that we are powerless to do more than dismiss the instant appeal or strike the cause from our docket. Bradford Supply Co., Inc. v. Waite, 392 Ill 318, 64 NE2d 491; McHale v. Marrs, 48 Ill App2d 171, 197 NE2d 736. The appeal is, therefore, dismissed, without costs to any party.

Appeal dismissed.

## On Rehearing

Per Curiam:

We allowed appellants' petition for rehearing, to which appellees filed an answer, and, in turn, appellants filed a reply. After thorough study of the contents of these documents, we adhere to the positions taken in the opinion as previously filed.

Appeal dismissed.