(No. 40692.—

THE COUNTY OF COOK, Appellant, *vs.* PHILIP G. MALYSA, Appellee.

*Opinion filed March 28, 1968.*

WARD, J., took no part.

JOHN J. STAMOS, State's Attorney, of Chicago, (EDWARD J. HLADIS and RONALD BUTLER, Assistant State's Attorneys, of counsel,) for appellant.

FORAN AND WISS, of Chicago, (THOMAS A. FORAN and ROBERT E. WISS, of counsel,) for appellee.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

This appeal involves the propriety of a condemnor's appeal from an ordinary condemnation judgment after it

has paid the award and taken possession of the property. The County of Cook instituted eminent domain proceedings on March 4, 1966, to acquire land required for the construction of the Dan Ryan Expressway in Chicago. A jury awarded the respondents $167,000 for the parcel of land taken and $31,000 for damages to the remainder. Judgment was entered on the verdict and the County's subsequent motion for a new trial was denied. After the payment of the award the County appealed to the appellate court, and the appeal was dismissed on motion of respondents. We granted leave to appeal because of the important procedural questions involved.

The judgment order which vested fee simple title in the County upon payment of the award was entered on September 27, 1966. After this order had been entered, the County filed its motion for a new trial. Subsequent to the filing of this motion, but prior to a ruling on it, the award contained in the judgment order was submitted by the County to the Board of County Commissioners for approval. The award was approved by the board and on November 27, 1966, the full amount of the award plus interest from the date of judgment was deposited with the Cook County treasurer. On December 2, 1966, the property owners were notified that the award could be withdrawn from the treasurer's office. On December 14, 1966, prior to making application for withdrawal of the award, the respondents filed a motion to dismiss the petitioner's post-trial motion for a new trial, asserting that the deposit of the award by the petitioner with the treasurer's office terminated the litigation and consequently precluded the County from taking any steps to overturn the award. After hearing arguments by both sides the trial court, on January 10, 1967, denied the respondents' motion to dismiss the post-trial motion but went on to also deny the post-trial motion itself. The respondents thereafter made application for and received the award, together with interest, which

was on deposit with the treasurer's office. No objection to this application was made at any time by the County.

On February 7, 1967, some three weeks after the property owners had received the award, and the County had entered into possession of the property pursuant to the judgment order, the petitioner filed its notice of appeal and appealed to the appellate court. The respondents thereafter filed a motion to dismiss the appeal, which was granted on March 30, 1967, and the appeal was dismissed. Ill. App. Ct. No. 52057.

The property owners argue that by the payment of the award and the vesting of title the County has waived the right to appeal. The County, however, insists that it had the right as in other civil cases to pay the award without prejudice to its right to appeal.

It has long been held that "The condemnation of private property for public use under the Eminent Domain act is a special, statutory and summary proceeding  *  *  * regulated entirely by statute." (*Sweeney* v. *Chicago Telephone Co.,* 212 Ill. 475.) Therefore, any rights which the parties may have in a condemnation suit are governed by the provisions of the statute. *Village of Baylis* v. *Orr,* 291 Ill. 201.

Sections 12 and 13 of the Eminent Domain Act (Ill. Rev. Stat. 1965, chap. 47, pars. 12, 13) govern appeal from condemnation awards and provide in part as follows:

"12. In all cases, appeals may be taken as in other civil cases  *  *  *.

"13. In cases in which compensation shall be ascertained as aforesaid, if the party in whose favor the same is ascertained shall appeal such proceeding, the petitioner shall, notwithstanding, have the right to enter upon the use of the property upon entering into bond, with sufficient surety, payable to the party interested in such compensation, conditioned for the payment of such compensation as may be finally adjudged in the case, and in case of appeal

by petitioner, petitioner shall enter into like bond with approved surety. Said bonds shall be approved by the judge before whom such proceeding shall be had, and executed and filed within such time as shall be fixed by said judge; Provided, however, that when the petitioner is the State of Illinois no bond shall be required."

The County insists that since "appeals may be taken as in other civil cases," the payment of the award does not waive the right to appeal, relying on *Pinkstaff* v. *Pennsylvania Railroad Co.,* 31 Ill.2d 518, and *Richeson* v. *Ryan,* 14 Ill. 74. These cases establish the right of an ordinary judgment debtor to pay a judgment without waiving his right to appeal. However, their rationale is that if the judgment had been collected by execution the payment would be compulsory and would not preclude the right to appeal, and the payment after judgment and before execution "must equally be considered as made under legal compulsion." *Pinkstaff* v. *Pennsylvania Railroad Co.,* 31 Ill.2d 518, 523.

An entirely different situation is presented by a proceeding under eminent domain, which in many ways is *sui generis.* The judgment does not impose a liability upon the condemnor but merely establishes a value that it must pay to acquire title. The condemnor is under no compulsion to pay the award, and no execution may issue upon the award. (*Department of Public Works and Buildings* v. *O'Brien,* 402 Ill. 89; *Commissioners of Lincoln Park* v. *Schmidt,* 386 Ill. 550; *Lingle* v. *Clear Creek Drainage and Levee Dist.,* 281 Ill. 511.) Because of the basic difference in the nature of the judgments involved we feel that the holdings in *Pinkstaff* and *Richeson* opinions are inapplicable here.

Rather we would adhere to the general rule in civil cases that when a judgment has been voluntarily paid or its benefits accepted the question becomes moot. (*Massell* v. *Daley,* 404 Ill. 479; 2 I.L.P. Appeal and Error, p. 176.)

This is in accord with substantial authority in other jurisdictions. As stated in Nichols on Eminent Domain, vol. 6, sec. 26.73, at page 419: "It has been held that where the condemnor pays the amount of the award plus costs into court and takes possession of the property, the condemnor has waived his right to appeal from the award." In *State of Washington* v. *Laws,* 51 Wash.2d 346, 318 P.2d 321, the court stated: "The State, in this case had paid the amount of the award, plus costs, into court and has taken possession of the property. By doing so, it has accepted the award of the jury. The issue of 'the propriety and justness of the amount of damage' is no longer an issue. The question is moot." In *Mt. Shasta Power Corp.* v. *Dennis,* 66 Calif. A. 186, 225 Pac. 877, the principle of waiver by payment of the award and taking possession was also applied. The court stated: "The fact that a party may find it more profitable to comply with a judgment and accept the fruits thereof than to suffer the losses incident to an appeal cannot be said to render such compliance compulsory. * * * Ordinarily the voluntary compliance with a judgment and the acceptance of the fruits thereof by a party are inconsistent with a right of appeal by such party."

The County attempts to distinguish the Washington and California cases on the basis of express provisions in both eminent domain statutes that an acceptance of an award by the owner waives all defenses to the condemnation. While such a result is not spelled out in the Illinois statute, we think that it·must follow. While the precise question presented here was not involved, we read the prior decisions of Illinois courts to indicate that a property owner may not accept the fruits of an award and later appeal from the judgment setting such award. *Moll* v. *Sanitary District of Chicago,* 228 Ill. 633; *Union Mutual Life Ins. Co.* v. *Slee,* 123 Ill. 57; *Kile* v. *Town of Yellowhead,* 80 Ill. 208.

We believe that it is a salutary rule that a party

who either voluntarily satisfies a judgment under no legal compulsion or voluntarily accepts the fruits thereof has waived any error in the proceedings. Section 13 of the Eminent Domain Act provides a method for avoiding any hardship under this rule and we hold that it constitutes the only exception to its operation in eminent domain proceedings. Since the County, by ignoring section 13, has voluntarily paid the award and accepted title to the property, it has waived any error in the original proceedings. The appellate court therefore properly dismissed its appeal.

The judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.