Raymond H. Smith, Plaintiff-Appellant, v. Leo Glo-
wacki, Defendant-Appellee.

Gen. No. 11,154.

Fourth District.

May 18, 1970.

Peter F. Ferracuti, of Ottawa, and Thomson, Thomson & Mirza, of Bloomington (Chester Thomson, of counsel), for appellant.

Heyl, Royster, Voelker & Allen, of Peoria (Richard M. Baner and James E. Bowles, of counsel), for appellee.

RICHARDS, J.

This is an appeal from an order of the circuit court entered in favor of the defendant for a judgment notwithstanding a verdict in favor of the plaintiff. The complaint herein is for damages for personal injuries received by the plaintiff in a collision between the motorcycle he was riding and a pickup truck operated by the defendant. The defendant was the street and water commissioner, special policeman and the dogcatcher for the City of Minonk. The pickup truck involved was furnished by the city for defendant's use in the performance of his various duties. The collision occurred in the street near the driveway to the defendant's home.

The defendant's answer contained an affirmative defense alleging that the defendant was an employee of the City of Minonk; that at the time and place of the occurrence defendant was in the scope of his employment; that the plaintiff failed to file, within six months from the date of the injury, a notice to the City of Minonk regarding the accident and the contemplated suit as required by Ill Rev Stats 1965, c 85, § 8–102, and that because of such failure the plaintiff's suit should be dismissed.

The answer of the plaintiff to the affirmative defense admitted that the defendant was an employee of the City of Minonk; denied that defendant was in the scope of his employment at the time and place complained of; ad-

mitted that plaintiff did not file notice of the contemplated suit as required by statute, and denied that by reason of said failure to file such notice he is barred from suing defendant.

The jury returned a verdict for the plaintiff in the sum of $12,000, but also answered in the affirmative the following special interrogatory: "Was the defendant, Leo Glowacki, at the time of the occurrence, acting within the scope of his employment for the City of Minonk?" A motion for judgment notwithstanding the verdict was allowed on the jury's finding that the defendant was acting within the scope of his employment and because of plaintiff's admitted failure to give the city notice as required by the above-cited statute.

■ The plaintiff presents this appeal urging that as a matter of law the defendant was not in the scope of his employment and that the requirement in the statute of the notice to the city was in violation of the state and Federal Constitution. Section 65 of the Civil Practice Act, Ill Rev Stats 1967, c 110, § 65, provides:

> "When the special finding of fact is inconsistent with the general verdict, the former controls the latter and the court may render judgment accordingly."

Accordingly, the trial court was correct in setting aside the general verdict and entering judgment on the special finding of fact unless there was no substantial evidence to support the special finding or unless it was contrary to the manifest weight of the evidence. Borries v. Z. Frank, Inc., 37 Ill2d 263, 226 NE2d 16; Freeman v. Chicago Transit Authority, 33 Ill2d 103, 210 NE2d 191; Kirby v. Swedberg, 117 Ill App2d 217, 253 NE2d 699.

■ The question of whether the defendant was within the scope of his employment was presented to the jury

338

in the issues instruction stating that such was an affirmative defense. An instruction to define the scope of authority of an employee was given by modifying IPI 50.06 to read as follows:

"One of the questions for you to determine is whether or not Leo Glowacki was acting within the scope of his employment.

"An employee is acting within the scope of his employment if he is engaged in the transaction of business which has been assigned to him by his employer, or if he is doing anything which may reasonably be said to have been contemplated as a part of his employment. It is not necessary that an act must have expressly been authorized by his employer."

No objection to these instructions was made by plaintiff nor did the plaintiff move for a directed verdict on that point at the close of the evidence. The evidence shows that the defendant was on duty for the city in his various capacities twenty-four hours a day; that the pickup truck furnished the defendant had "City of Minonk" on it; that the defendant did not use the pickup for his personal use; that the defendant had started to work on the day of the occurrence about 5:30 a. m. at the water plant where he did certain chores, patrolled some of the streets, and after some of the other men reported for work, was, at about 7:30 a. m., on his way to his home to have breakfast and to take any phone messages that may have been left there for him, when the collision occurred. The plaintiff testified that he was acquainted with the defendant and recognized him and the city truck at the time of the occurrence. There is ample evidence in the record to support the jury's finding on the special interrogatory that the defendant was acting within the

■■■■■■■■

scope of his employment, as defined in the instruction, at the time of the occurrence.

■ There is further question as to whether this court can properly review the judgment of the trial court because no motion for post-trial relief was presented to the trial court by the plaintiff. The plaintiff did file a motion to vacate the judgment notwithstanding the verdict but he also filed a notice of appeal before that motion was heard. The filing of a notice of appeal constituted an abandonment of plaintiff's motion to vacate the judgment notwithstanding the verdict. Corwin v. Rheims, 390 Ill 205, 61 NE2d 40. Section 68.1 of the Civil Practice Act, Ill Rev Stats 1965, c 110, § 68.1, provides for relief to be granted in post-trial motions and in subparagraph (3) it is stated:

> ". . . A party against whom judgment is entered pursuant to post-trial motion shall have like time after the entry of the judgment within which to file a post-trial motion."

And subparagraph (2) provides:

> ". . . A party may not urge as error on review of the ruling on his post-trial motion any point, ground or relief not particularly specified in the motion."

Accordingly, as the plaintiff abandoned his motion to vacate the judgment notwithstanding the verdict, there is nothing presented here for review.

■ Nor can the question of constitutionality of the said statute and the requirement of six months notice be here raised without it having been presented to the trial court for a ruling. Haymes v. Catholic Bishop of Chicago, 33 Ill2d 425, 211 NE2d 690; Schear v. City of Highland Park, 104 Ill App2d 285, 244 NE2d 72.

340

The judgment of the circuit court of Woodford County is affirmed.

Affirmed.

SMITH, P. J. and TRAPP, J., concur.