The City of DeKalb, Plaintiff-Appellant, *v.* Theodore Anderson *et al.*, Defendants-Appellees.

(No. 73-137; 

Second District—September 13, 1974.

Reid, Ochsenschlager, Murphy & Hupp, of Aurora (John Lamont, of counsel), for appellant.

Theodore L. Anderson, *pro se.*

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiff appeals from an order which vacated a former order denying defendants' post-trial motion. The plaintiff contends that because the appealed order was entered more than 30 days after the denial of de-

fendants' post-trial motion, the circuit court was without jurisdiction. Defendants counter that because the plaintiff's post-trial motion seeking a new trial is still pending, this appeal should be dismissed for lack of a final, appealable order. While several contentions are raised, we find it necessary to resolve only the question of whether or not the trial court retained jurisdiction to enter the order appealed.

This litigation was commenced when plaintiff filed a petition to condemn certain real property owned in joint tenancy by the defendants. On July 10, 1972, the court entered judgment on the jury's verdict which awarded $45,000 as just compensation for the taking of defendants' property. Plaintiff and defendants filed post-trial motions on August 9, 1972. That same day, plaintiff sought and received authorization and direction from the court to deposit with the DeKalb County treasurer, for the benefit of the defendants, the amount of the judgment plus any interest and costs. On September 21, 1972, the court denied defendants' post-trial motion. Twenty-seven days later, defendants moved to vacate this order or in the alternative to be afforded relief under Supreme Court Rule 304.[1]

On November 22, 1972, pursuant to Supreme Court Rule 303(e),[2] defendants filed a petition for leave to appeal wherein they informed this court that plaintiff's post-trial motion was still pending in the trial court and that although they believed the September 21, 1972, order was not appealable, they were unsure of the law. The uncertainty, the petition stated, was due to the fact that the order which denied their post-trial motion, did not deny plaintiff's post-trial motion; that it was a determination affecting fewer than all of the parties or claims; and that the trial court's order did not include an express finding "that there was no just reason for delaying enforcement or appeal" as provided under Supreme Court Rule 304(a). Upon these facts and out of concern for protecting their right of appeal, defendants' requested this court to either grant them leave to appeal or hold the petition in abeyance until final disposition of plaintiff's pending motion in the trial court as suggested in *Ariola v. Nigro*, 13 Ill.2d 200 (1958).

Plaintiff filed objections to defendants' petition but gave no indication

---

[1] Supreme Court Rule 304 (Ill. Rev. Stat. 1971, ch. 110A, § 304) permits an appeal from a judgment that does not dispose of an entire proceeding only in instances where the trial court makes an express written finding that there is no reason for delaying enforcement or appeal.

[2] Supreme Court Rule 303(e) (Ill. Rev. Stat. 1971, ch. 110A, § 303(e)) grants additional 30 days from the expiration of the initial 30 days allowed for the filing of a notice of appeal. The granting of a later appeal is discretionary with the reviewing court upon a showing of a reasonable excuse for failure to file. a timely notice in the first instance.

that it had waived or abandoned its post-trial motion or that it had deposited the condemnation award with the DeKalb County treasurer. Aside from matters not relevant here, plaintiff's only objection to defendants being allowed to appeal was that the "time for filing the Notice of Appeal expired on November 20, 1972, and this Court has no more jurisdiction to proceed in the matter." This objection was determined to be without foundation.[3] Based, therefore, on the uncontradicted assertion that plaintiff's post-trial motion was pending at the time of defendants' attempted appeal, we, for lack of a final appealable order, denied defendants' petition for leave to appeal. Subsequent to our action, the trial court, on March 13, 1973, allowed defendants' motion to vacate and it is from this order that plaintiff now appeals.

Plaintiff contends that its own post-trial motion was abandoned in open court at the September 21 hearing on defendants' post-trial motion. This assertion, however, is substantiated by neither the order of the 21st nor by the record; it is apparent only in plaintiff's brief.

Plaintiff, relying upon *County of Cook v. Malysa*, 39 Ill.2d 376 (1968), argues that by depositing the condemnation award with the county treasurer it expressly waived any claimed error in the proceedings, that its pending post-trial motion thus became moot, and the September 21, 1972 order was rendered final and appealable.

■■ *Malysa* holds that by depositing the condemnation award with the county treasurer for the benefit of the condemnee, the condemnor waived any right to attack the award because of claimed errors in the condemnation proceeding and the question of condemnor's right to appeal upon such grounds became moot. It does not hold that payment of the award terminates either the jurisdiction of the trial court or the rights of the other parties. Under plaintiff's interpretation of *Malysa*, if only its post-trial motion were pending at the time it deposited the condemnation award, the act of payment, rather than the order disposing of the motion, would terminate the trial court's jurisdiction and set the time for the other party to appeal. We find nothing in *Malysa* to support

---

[3] Section 1.11 of the Construction of Statutes Act (Ill. Rev. Stat. 1971, ch. 131, § 1.11) states, "The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday * * *." The 30th day after the entry of the September 21, 1972, order (which disposed of defendants' post-trial motion) fell on Saturday, October 21. Accordingly, we exclude that day, Sunday (October 22) and Monday (October 23, Veterans' Day). Therefore defendants' notice of appeal was required to be filed no later than Tuesday, October 24, 1972, per Supreme Court Rule 303(a) (Ill. Rev. Stat. 1971, ch. 110A, § 303(a).) Granting an additional thirty days after the expiration of the original 30 days (per Supreme Court Rule 303(e), the 30th day of the extension period fell on Wednesday, November 23, 1972. Defendants' petition, therefore, was filed a day early.

such construction. When the plaintiff deposited the condemnation award, it waived only its rights to attack the judgment. The jurisdiction of the trial court and the rights of the other parties were not affected thereby.

■■ Generally, for a period of 30 days after entering a final order, a trial court, for good cause (*People v. McCloskey*, 2 Ill.App.3d 892, 898 (1971) or sua sponte (*Darling v. Reinert*, 132 Ill.App.2d 192, 194 (1971)), may vacate that order. If a post-trial motion is filed within the 30 days, the trial court retains jurisdiction to alter the order. (Ill. Rev. Stat. 1971, ch. 110, § 50(5), § 68.1(3), § 68.3(1).) A court loses jurisdiction when 30 days pass without a post-trial motion being filed (*Fox v. Department of Revenue*, 34 Ill.2d 358, 360-62 (1966); *Brockmeyer v. Duncan*, 18 Ill.2d 502, 505 (1960); *Aarrow Ambulance v. Davis*, 16 Ill. App.3d 318, 320 (1974)), when a notice of appeal is filed within 30 days (*City of Chicago v. Myers*, 37 Ill.2d 470, 472 (1967); *Hokin v. Hokin*, 102 Ill.App.2d 205, 217 (1968); *Loehde v. Loyola University*, 11 Ill.App. 3d 827 (1973)), when a notice of appeal is filed by the only party who has a post-trial motion pending (*Corwin v. Rheims*, 390 Ill. 205, 214 (1945); *Smith v. Glowacki*, 122 Ill.App.2d 336, 340 (1970)).

A second post-trial motion filed beyond the 30 days by the same party, attacking the same judgment, neither extends the time for the filing of appeal nor continues the jurisdiction of the trial court. *Deckard v. Joiner*, 44 Ill.2d 412 (1970), *cert. denied*, 400 U.S. 941; *In re Estate of Schwarz*, 63 Ill.App.2d 456 (1965), *app. denied*.

■■ The above cases are distinguishable from the instant case in that here, each party had timely filed a post-trial motion attacking the final order of July 10. Under such circumstances, we are of the opinion that until the last timely filed post-trial motion has been passed upon, the court retains complete jurisdiction over the final order under attack to rectify any errors that may have been brought to its attention. Total jurisdiction is essential since the action taken may affect all parties involved. This also seems to be in accord with section 68.1(6) (Ill. Rev. Stat. 1973, ch. 110, § 68.1(6)) which states that the court must rule upon all relief sought in all post-trial motions. Here, because of the pendency of plaintiff's post-trial motion, the trial court's jurisdiction continued permitting it to enter the order of March 13, 1972, which in effect reinstated defendants' post-trial motion. Since plaintiff's notice of appeal was not filed until March 30 (after the reinstatement of defendants' post-trial motion), the doctrine of abandonment is not applicable to plaintiff's pending post-trial motion.

We therefore hold that, until there has been a disposition of the pending post-trial motions, the trial court retains jurisdiction and the time for filing a notice of appeal is "within 30 days after the entry of the order

disposing of the motion[s]." Supreme Court Rule 303(a); *Conley v. Rust,* 12 Ill.App.3d 26, 28 (1973).

We conclude that the appeal herein is premature and must therefore be dismissed.

Appeal dismissed.

RECHENMACHER, J., concurs.

Mr. JUSTICE SEIDENFELD dissenting:

In my view the court below erroneously considered defendants' successive post-trial motion filed after 30 days of the July 10, 1972, judgment order, and therefore the circuit court acted without authority in vacating its September 21, 1972, order denying defendants' original post-trial motion.

The majority opinion agrees that a successive post-trial motion filed beyond the 30 days does not continue the jurisdiction of the trial court (see *Deckard v. Joiner* (1970), 44 Ill.2d 412; *In re Estate of Schwarz* (1965), 63 Ill.App.2d 456; *Weaver v. Bolton* (1965), 61 Ill.App.2d 98). But it apparently assumes that defendants may properly file or reinstate post-trial motions after 30 days from the July 10 judgment which could otherwise not be considered, due to the fortuitous circumstance that another party has a timely post-trial motion pending. Section 68.1(3) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 68.1(3)), however, provides that post-trial motions must be filed within 30 days after entry of judgment or within any further time the court may allow within the 30 days or extensions thereof. There is no exception evident to this rule of procedure that because one party has timely filed his post-trial motion, others need not do so. (*Pruitt v. Motor Cargo, Inc.* (1961), 30 Ill.App.2d 222; *Rosenberg v. Stern* (1898), 77 Ill.App. 248, *aff'd,* 177 Ill. 437.) When the lower court granted defendants' motion to vacate filed after 30 days of the July 10 judgment, it acted without authority. *Cf. Williams v. Deasel* (1974), 19 Ill.App.3d 353, 355.

Since defendants' October 18, 1972, motion to vacate was not filed in apt time, the appeal is not premature. I agree that the payment of the condemnation award did not for procedural purposes dispose of the City's post-trial motion. Now that the City has appealed, however, its appeal constitutes a formal abandonment of its post-trial motion (*Corwin v. Rheims* (1945), 390 Ill. 205, 214; *Smith v. Glowacki* (1970), 122 Ill. App.2d 336, 340; *Vogel v. Melish* (1962), 37 Ill.App.2d 471, 473) and introduces finality into the proceedings in the cause below. Because the only order below appealed from, the order of March 13, 1973, allowing

defendants' motion to vacate, was entered without authority, the judgment of July 10 should be affirmed.

Defendants are not thereby unreasonably precluded from exercising their right to appeal. Defendants sought to preserve their right to appeal by filing a petition under section 303(e) on November 22, 1972, but indicated both in their petition and in their briefs filed in the present appeal that they did not believe there was an appealable order due to the pendency of the City's post-trial motion. In effect, we so ruled by denying their petition. The responsibility is on the party seeking to perfect an appeal to submit a record on appeal that reveals finality in the circuit court proceedings. Had defendants wished to appeal, they needed only to have had the court below dispose of the City's post-trial motion as of record for want of prosecution, mootness or any other appropriate reason. Further, defendants had the right to file a cross-appeal within the time provided by rule from the date of the service on them of the City's notice of appeal. (Ill. Rev. Stat. 1973, ch. 110A, par. 303(a).) Defendants chose not to avail themselves of either route of appeal, but instead persisted in an untimely post-trial motion.