*In re* MARRIAGE OF NORMAND SIMARD, Petitioner-Appellee, and DORIS L. SIMARD, Respondent-Appellant.

Third District No. 3—90—0672

Opinion filed July 2, 1991.—Rehearing denied August 13, 1991.

Paul A. Osborn and Daniel C. Hawkins, both of Ward, Murray, Pace & Johnson, of Sterling, for appellant.

Walter C. Kilgus, of Nelson, Kilgus, Richey & Hauptman, of Morrison, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The petitioner husband, Normand Simard, and the respondent wife, Doris L. Simard, entered into a property settlement agreement under which Doris was to receive $140,000 from the sale of certain stock. After the stock sold for less than expected, Normand filed a motion to modify the agreement. The trial court subsequently reduced Doris' share of the stock proceeds to $95,780. She appeals.

The record shows that Doris and Normand were married for 31 years. A judgment for the dissolution of their marriage, incorporating their property settlement agreement, was entered on February 28, 1990. In pertinent part, the agreement provided the following:

"Husband is awarded all interest in the Stanwich Industries, Inc. stock, now known as DeVlieg-Bullard, Inc., in consideration for said award, Husband shall pay to Wife, $140,000.00 in seven annual installments of $20,000.00 each commencing January 1, 1991 and continuing each year thereafter on January 1 until paid in full. Said payment is conditioned upon the sale, transfer, conveyance or assignment of said Devlieg [sic]-

Bullard, Inc. stock prior to January 1, 1991. If, upon January 1, 1991, there has been no sale, transfer, conveyance or assignment of said stock, the Wife, in her sole discretion, may elect to receive $25,000.00, payable within 30 days of the receipt of Husband of written notice of her election, in total satisfaction of all obligations with respect to said stock; alternatively, Wife may elect to forbear in the collection of that year's annual payment of $20,000.00 and retain the right to collect the total sum of $140,000.00 with payment to commence on January 1, 1992. The Court will reserve jurisdiction to reevaluate the disposition of the Stanwich stock and payments of the $140,000.00 to be made to the Wife until January 1, 1992 with said reevaluation to be made only in the event that there has been no sale, transfer, conveyance or assignment prior to said date."

On March 22, 1990, Normand filed a motion for reconsideration and rehearing. In his motion, he alleged that his payment to Doris of the $140,000 was conditioned upon the sale of the stock at a price of $11, $12, or $13 per share. With a stock distribution to Normand of 41,250 shares, it was anticipated that an after-tax net income of at least $305,000 would be generated, from which the payments to Doris would be made. The stock actually sold for $7 per share. Normand received approximately $191,560 after taxes. He requested that the court reevaluate the payments to be made to Doris based on the actual sale price.

In her response to Normand's motion, Doris alleged that the court had reserved jurisdiction for reevaluation only "in the event that there has been no sale, transfer, conveyance, or assignment [prior to January 1, 1992]." Among other things, Doris alleged that the parties' agreement was not unconscionable, and that, in his motion, Normand had failed to assert that new facts unknown to the parties at the time of the agreement or judgment made the judgment unconscionable.

In his amended motion for reconsideration and rehearing, Normand added that the sale of the stock at $7 per share was a fact unknown to the parties at the time of their agreement or to the court at the time of the entry of its order, which made the judgment as entered unconscionable.

Following a hearing on Normand's motion, the trial court found that it had jurisdiction over the subject matter and parties and ordered that the previous judgment for dissolution of marriage be modified with respect to the amount Normand would pay Doris for the stock. Normand was directed to pay Doris one half of the net value of

the stock ($95,780) in seven equal annual installments of $13,682.86 without interest. Following the trial court's ruling, Doris' attorney requested a reopening of the case for an evidentiary hearing on all aspects of the case. The trial court denied the request.

Doris subsequently filed a motion to vacate or modify and a memorandum in support of this motion. She once again asserted that the trial court lacked jurisdiction to modify its original judgment and therefore requested that the original judgment be reinstated. In the alternative, she requested that the case be reopened for a full hearing on the merits. Normand filed a brief in opposition to Doris' motion.

In its order denying Doris' motion, the trial court found that it had jurisdiction and that the parties had agreed that the motions could be considered by the court based upon the briefs submitted by the parties' respective attorneys.

Doris initially argues on appeal that the trial court abused its discretion in granting Normand's motion for reconsideration and rehearing. She contends that because the original judgment contained language purporting to limit the circumstances under which the trial court could modify the parties' agreement, the court was precluded from entertaining Normand's motion for rehearing. We disagree.

■ While we are aware that the parties' agreement appeared to limit the circumstances under which the trial court could modify the portion pertaining to the stock, that agreement could not bar a party's right to seek a rehearing pursuant to section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1203). Section 2—1203 allows any party, within 30 days after the entry of judgment, to file a motion for a rehearing, retrial, or modification of the judgment, to vacate the judgment, or for other relief. Such a timely filed motion stays enforcement of the judgment. Until the last timely filed post-trial motion has been passed upon, the trial court retains complete jurisdiction over the final order under attack to rectify any errors that may have been brought to its attention. (*City of De Kalb v. Anderson* (1974), 22 Ill. App. 3d 40, 316 N.E.2d 653.) We therefore hold that the parties cannot agree to usurp the trial court's function of reviewing timely filed post-trial motions. The trial court thus did not abuse its discretion in entertaining Normand's timely filed motion for reconsideration and rehearing.

Doris also contends that the trial court could not properly modify the parties' agreement unless pursuant to section 502 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 502) it found the agreement unconscionable. We disagree.

■ The above-cited statute was enacted to encourage the parties to reach an amicable disposition of the financial and other incidents of their marriage. The statute specifically states that the terms of the parties' agreement are binding upon the court unless the court finds that the agreement is unconscionable. However, this section of the statute does not eliminate many of the traditional grounds for setting aside settlement agreements. See Ill. Ann. Stat., ch. 40, par. 502, Supplement to Historical & Practice Notes, at 46 (Smith-Hurd Supp. 1990).

■ In the instant case, the trial court determined that the parties had never agreed upon the disposition of the stock in the event that it sold at a lower price than anticipated. When the trial judge ruled on Normand's motion, he specifically stated that his recollection was that at the time of the original settlement agreement the parties proceeded as if the sale of stock would occur at at least $11 per share or the stock would not sell at all. Therefore, the sale of the stock at a lesser figure was never contemplated by the parties. Accordingly, it was within the trial court's discretion to set aside the parties' original agreement on this basis.

■ Finally, Doris contends that the trial court abused its discretion by modifying the agreement without first conducting an evidentiary hearing. We find that a hearing was not necessary.

In the instant case the court was aware of what the parties' assets were and how the parties wanted them divided. The court modified the agreement based on the actual sale price of the stock, awarding Doris an even greater proportion than originally contemplated in the agreement. Under these circumstances, the court did not abuse its discretion by modifying the agreement without a hearing.

The judgment of the circuit court of Whiteside County is affirmed.

Affirmed.

SLATER and GORMAN, JJ., concur.