ISRAEL TUCKER

*v.*

THE PEOPLE, use, etc.

1. ADMINISTRATOR'S BOND—*when a recovery may be had.* In an action upon an administrator's bond it is sufficient, after reciting in the declaration that the beneficial plaintiff had recovered a claim against the estate of the intestate, as a debt of a specified class, to be paid in due course of administration, to aver that although money and effects belonging to the estate had come to the hands of the administrator, out of which his claim might and ought to have been paid, yet the administrator had not paid the same or any part thereof.

2. It is not essential to a right of recovery on such a bond that a *devastavit* shall have first been established against the administrator. Since the case of *Biggs* v. *Postlewait*, Breese, 198, a statute has been passed which dispenses with proof of a *devastavit*, in all actions on bonds of executors and administrators.

3. PLEADING—*of the declaration in such case.* An averment that the administrator has not complied with an order of the county court directing the payment of a claim against the estate, is a sufficient averment that the money ordered to be paid had not, in fact, been paid to the party entitled to the same.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of debt upon the bond of an administratrix. The suit was brought in the name of the People, for the use of Frank Rhoner, Conrad Vogel and Frederick Vogel, partners, against Emily Phillips, the administratrix, and William Wisdom and Israel Tucker, her sureties.

The declaration contains but a single count, in which a general non-performance of the conditions of the bond is averred, to the injury of plaintiffs. Two special breaches are assigned—

*First*—After reciting a recovery by the parties for whose use the suit is brought, of a claim against the estate of the intestate, as a debt of the seventh class, to be paid in due course of administration, it is averred that, although money and effects belonging to the estate came to the hands of the administratrix, out of which their claim might and ought to have been paid, yet she had not paid the same, or any part thereof, and that she had wasted the money and effects of the estate by converting the same to her own use.

*Second*—After reciting, as in the first breach, as to the recovery of a claim against the estate, to be paid in due course of administration, it is averred the administratrix rendered an account with the estate to the county court, showing a large balance in her hands belonging to the estate, which was approved, and the court ordered her to distribute the sum in her hands *pro rata* among the unpaid creditors; and that plaintiffs in interest afterwards demanded payment of the administratrix of their claim so allowed, and, although more than thirty days has elapsed since such demand was made, the administratrix has hitherto failed to comply with such order, and still refuses.

Only the sureties on the bond were served with process, one of whom was defaulted, and the other interposed a demurrer to each breach of the bond, as assigned in the declaration, which was overruled by the court. The demurrant electing to stand by his demurrer, judgment was rendered against him, and damages assessed both against him and the defendant defaulted, for the amount of plaintiffs' claim against the estate. The correctness of the decision overruling the demurrer is the only question raised on this appeal.

Mr. JOHN W. SHOWALTER, and Mr. GEORGE C. CHRISTIAN, for the appellant.

Mr. E. A. OTIS, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Our statute provides that, when the condition of the bond of any public officer shall be violated, suit may be instituted on such bond and prosecuted to final judgment against such officer, and any or all the sureties, or against one or more of them jointly and severally, without first establishing the liability of the principal by obtaining judgment against him alone. The provisions of the act are made to apply to executors and administrators, and other officers named. Rev. Stat. 1874, page 730, sec. 13.

It will be observed this act authorized the bringing of an action against the administratrix, on failure or neglect to comply with any of the covenants contained in the bond. She was obligated to " well and truly administer " the estate " according to law," and one duty imposed was, to pay such sums of money as should come to her hands " unto such person or persons, respectively, as may be legally entitled thereto." A distinct averment in the declaration is, that money and effects belonging to the estate came to the hands of the administratrix, out of which plaintiffs' claim " might and ought to have been paid," and no reason is perceived why a recovery may not be had under the breach assigned she had omitted that duty.

The position taken, no action can be maintained on the bond until a *devastavit* by the administratrix shall have been judicially established, is not the law. Since the decision in *Biggs* v. *Postlewait*, Breese, 198, cited by counsel, was rendered, a statute has been enacted which dispenses with proof of a *devastavit*, according to the course of the common law, in all actions on bonds of executors and administrators. Acts averred in the declaration in this case show the administratrix was guilty of a *devastavit;* and plaintiffs having shown they had an unpaid claim against the estate, that is all that need be averred to enable them to recover for the amount lost.

The second breach seems to have been assigned upon a duty which the law imposed, and which, under that clause of the bond which declares she "shall, in general, do and perform all other acts which may, at any time, be required of her by law," the administratrix was bound to perform.

In the 114th section of the act in relation to the "administration of estates," it is provided that, if any executor or administrator shall fail or refuse to pay over any moneys or dividends to any person entitled thereto, in pursuance of an order of the county court, lawfully made, within thirty days after demand, such failure or refusal shall be deemed and taken in law to amount to a *devastavit*, and an action on such executor's or administrator's bond, and against his sureties, may be instituted and maintained. Every recital and averment necessary to bring the case within this provision of the statute is set forth with sufficient certainty in the second breach assigned. The statute also declares the failure to pay such money or dividend to the person entitled thereto, shall be a sufficient breach of the bond to authorize a recovery thereon. An averment, therefore, that the administratrix in this case had not complied with the order of the county court in that regard, is a sufficient averment the money or dividend ordered to be paid had not, in fact, been paid to the parties entitled to the same. Anything more would be mere redundancy.

The demurrer to the declaration was properly overruled, and the judgment will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE DICKEY: I think neither count in the declaration is sufficient; that the court below erred in overruling the demurrer to the declaration, and that the judgment ought to be reversed.

Mr. JUSTICE SHELDON also dissents.