## James H. Mellon v. People of the State of Illinois, for the use of J. L. Bennett, Assignee of E. O. McKay & Co.

1. COUNTY COURTS—*Administration of Insolvent Estates.*—The County Court has ample power to set aside anything done by it during the term.

2. SURETIES—*Devastavit Against Principal Unnecessary.*—The rule of the common law, that a *devastavit* must first be established against the principal before an action would lie against the surety, has been changed by statute as to official bonds, bonds of executors, administrators, guardian, conservators and assignees of insolvent debtors.

Debt.—On assignee's bond. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed July 5, 1895.

EDWARD R. WOODLE, attorney for appellant.

STEELE & ROBERTS, attorneys for appellees; DAVID S. GEER, of counsel.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This case comes here upon the pleadings from which, without stating the details of them, it appears that the appellant is the surety upon the bond of one Frank M. Hunter, who was an assignee under the act concerning voluntary assignments for the benefit of creditors; such bond being given pursuant to section 3 of the act.

The suit is upon the bond, alleging default of Hunter in

the sum of $1,253.80, the penalty of the bond being $7,000. The plea alleged the entry of an order in the County Court on the 18th day of April, 1894, as follows:

"It appearing to the court by the petition of E. O. Mc-Kay, insolvent, herein filed this day, and the assent in writing of a majority of the creditors of said estate in number and amount, that the proceedings may be discontinued, it is therefore ordered, adjudged and decreed that the proceedings herein be, and are hereby dismissed, and the assignee ordered to turn over to the insolvent herein, E. O. Mc-Kay, or Percival Steele, as her attorney, all of the assets remaining in his hands as assignee, after the payment to him of the sum of three hundred dollars ($300) for his services as assignee, and the sum of eighty-five dollars ($85) as his attorney's fees to Messrs. Ashcraft and Gordon, which amounts are hereby allowed and ordered paid unless objections are filed within five days."

And a further order on the 24th day of the same month, as follows:

"It appearing to the court that no objections have been filed to the *nisi* order of this court, entered of record of said cause, April 18, 1894, and that the time limited by said order for said objections to be filed has now passed, it is therefore ordered by the court that said *nisi* order of April 18, 1894, for the payment of assignee s and attorney's fees, be and the same is hereby made absolute."

The replication was another order of the same court, at the same term, entered on the 26th day of the same month, as follows:

"Upon reading and filing the petition of Willinsky this day presented in open court, and the court having heard evidence thereon, and now being fully advised in the premises, it is ordered by the court that the *nisi* order of April 18, A. D. 1894, entered of record in said cause, discontinuing the proceedings in the matter of said assignment, and the order of April 24, 1894, making the same absolute, be and are hereby vacated and set aside. Thereupon it is further ordered by the court that said assignee be and is hereby ruled to report

to this court the amount of money now in his hands belonging to said insolvent estate, on or before May 10, 1894, at ten o'clock A. M."

The argument of the appellant as to those orders is in support of the following propositions :

First.  " The discontinuance of the proceedings in the County Court remitted the parties to their original rights and duties at the date of the assignment and released the surety from further liability on his bond."

Second.  " The County Court, after the debtors and a majority of the creditors in number and amount had assented in writing to a discontinuance, and that the assent had been carried into effect, had no jurisdiction to reinstate the proceedings."

Third.  " The order of the County Court of April 26, 1894, was not an order reinstating the assignment proceedings."

We concede that the last order is not well expressed, but the intent of it is clear to place the proceedings in the same condition that they were in before the orders of the 18th and 24th were made; and as to the power of the court to set aside during any term anything that it has done in that term, there can be no doubt.  Black on Judgments, 305; Edwards v. Irons, 73 Ill. 583; Godfriedson v. People, 88 Ill. 284.

The result of all the orders was therefore the same as it. would have been had no order been made except the order to account, which is a part of the last one.

It is further objected :

" This action against the surety is premature.  The surety upon the bond of an assignee or a receiver is not liable until it is judiciously ascertained that the principal is in default."

It was once the law that a *devastavit* must first be established against the principal before an action would lie against the surety on a bond of this nature.  Biggs v. Postlewait, Breese, 198.

This rule of the old law has been changed by statute as to official bonds, bonds of executors, administrators, guardians and conservators.  Sec. 13, Ch. 103; People v. Wilson, 1 Scam. 83; Tucker v. People, 87 Ill. 76.

470    Appellate Courts of Illinois.

It being a rule not based upon any statute, it should not be followed in cases within the reason if not within the words of the statute after the rule has been, by statute, abolished in the classes of cases to which it was oftenest applied.

An affidavit was filed with the declaration that $1,253.80 was due. The penalty of the bond being $7,000 the judgment was properly in form for the $7,000 debt, but in fact to recover only the smaller sum as damages.

We find none of the objections of the appellant well founded, and the judgment is affirmed.