Joseph A. Stephans, Plaintiff-Appellee, v. Chicago Transit Authority, a Municipal Corporation, Defendant-Appellant.

Gen. No. 48,035.

First District, Second Division.
November 22, 1960.
Rehearing denied December 13, 1960.

William J. Lynch, William S. Allen, Chester A. Wynne, and Jerome F. Dixon, all of Chicago, for appellant.

Lane, Gross, Carman & Dee, of Chicago (Fred Carman, Fred Lane, and Norman M. Sevin, of counsel) for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

On October 7, 1959, a verdict for $60,000 was returned in a personal injury case on which the court entered judgment. On October 13, 1959, defendant filed its post-trial motion for judgment notwithstanding the verdict or in the alternative for a new trial. On October 19, 1959, the court granted the motion for a new trial and set aside the judgment. On November 13, 1959, the court directed that the order of October 19, 1959, be vacated provided that plaintiff file a remittitur of $30,000 within 10 days. He did and the court entered judgment for that amount.

Defendant, appealing, urges that the court was without jurisdiction to vacate its motion granting a new trial and entering judgment for plaintiff. At common law the trial court exercises jurisdiction over a cause until the end of the term, during which time the court has authority to modify and vacate its orders in the interest of justice. People v. Alexander, 162 Ill. App. 21, 23; Mellon v. People for Use of Bennett, 59 Ill. App. 467, 469. The Civil Practice Act has not abrogated the trial court's authority in this regard. The basic principle has been incorporated in Section 2 of an Act in relation to final judgments, decrees and orders, Par. 83, Chap. 77, Ill. Rev. Stat. 1959, reading: "Any such judgment, decree or order may hereafter be modified, set aside or vacated prior to the expiration of 30 days from the date of its rendition, or in pursuance of a motion made within such 30 days, wherever, under the law heretofore in force, it might have been modified, set aside or vacated prior to the expiration of the term of court at which it was

231

rendered or in pursuance of a motion made at that term." This provision has been held to be in pari materia with Sec. 50(6) of the Civil Practice Act. Geisler v. Bank of Brussels, 316 Ill. App. 309 (abst.), 44 N.E.2d 754. Prior to the Civil Practice Act a party aggrieved by an order granting a new trial had no right to appeal. Section 77(2) of that Act provides an aggrieved party with an additional remedy by allowing an appeal of the order on leave of the reviewing court. This provision was designed to prevent a proper verdict from being lost to the party who was clearly entitled to it. Wettaw v. Retail Hardware Mut. Fire Ins. Co., 285 Ill. App. 394, 396, 2 N.E.2d 162, 163. The right to petition for leave to appeal does not affect the inherent authority of the trial court to vacate or modify an order granting a new trial. We conclude that the trial court had jurisdiction to vacate its order granting a new trial and to enter judgment for plaintiff.

■ In support of its contention that the court should have granted its motion for judgment notwithstanding the verdict, defendant states that the evidence establishes without contradiction that the plaintiff walked into the side of its bus, and that his injuries were caused by his own contributory negligence. A reading of the transcript of the testimony convinces us that there was a conflict in the evidence on the issues of negligence and contributory negligence and that these issues were properly submitted to the jury.

■ Defendant asserts that the damages are excessive after the remittitur. The plaintiff insists that the court erred in requiring him to remit part of the verdict, that in no event is the judgment, as reduced, excessive, and asks that the verdict of $60,000 be reinstated under the provisions of Sec. 68.1(7) of the Civil Practice Act. Defendant states that the court should have granted a mistrial because of the preju-

232

dicial conduct of plaintiff and his wife, reflected in the "excessive verdict." The action of the trial judge in granting a new trial and later reducing the damages awarded by half indicates that he felt that the verdict was excessive. Plaintiff did not suffer any fractures. Where a verdict is so excessive as to show passion and prejudice a remittitur will not take the passion and prejudice out of the verdict. Olson v. North, 276 Ill. App. 457, 498; Murphy v. Friel, 328 Ill. App. 586, 66 N.E.2d 450. We are of the opinion that the emotional outbursts and weeping of plaintiff and his wife while testifying prejudiced the defendant. The unsatisfactory testimony relative to plaintiff's injuries, the emotional outbursts of plaintiff and his wife and the remittitur of half the verdict convinces us that there should be a new trial.

Therefore the judgment is reversed and the cause is remanded for a new trial.

Judgment reversed and cause remanded with directions.

FRIEND and BRYANT, JJ., concur.