DANNY WILLIAMS, Plaintiff-Appellee, *v.* JOYCE DEASEL, Defendant-Appellant.

(No. 11915;

Fourth District—May 8, 1974.

Costigan, Wollrab, Fraker & Wochner, of Bloomington, for appellant.

Jerome Mirza, of Bloomington, for appellee.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

This court granted leave to appeal from an order of the McLean County circuit court granting a new trial in a personal injury suit. The jury returned a verdict of $7,000 in favor of the plaintiff. The posture of the parties in this court is unusual. The defendant asks that the order of the trial court granting a new trial be reversed and the judgment originally entered in that court be reinstated. The plaintiff is insisting on a new trial. In event that we affirm the trial court in granting a new trial, the defendant requests that this court in its opinion correct certain alleged errors which occurred during the first trial and that we provide a road map for the trial judge on the second trial on such issues.

At the outset we find ourselves in a procedural vacuum as to just what authority we may have. The jury's verdict in this case was returned about 9 P.M. one evening. Judgment was entered on the verdict, execution authorized and the jury discharged from further service. Thereafter, plaintiff's attorney asked the court to rule on his motion for a mistrial based upon defense counsel's argument concerning excluded medical evidence. On the following day, the trial court entered an order allowing the mistrial, vacated the judgment entered on the verdict, and ordered a new trial.

■■ It is quite clear from the record that no written motion of any kind was filed before the trial judge after verdict and judgment. Instead plaintiff orally renewed his motion to declare a mistrial. Indeed it is candidly stated in his brief that "plaintiff's renewal of his motion for mistrial made during the course of the trial appears to be the only motion made after trial that could be called a 'post-trial motion' within the meaning of Rule 306 and will be treated as such for the purpose of this brief." There is, however, an actual and a functional difference between a motion for a new trial and a motion for mistrial. In 66 C.J.S. *New Trial* § 1(c), this difference is clearly delineated in the following language:

"A mistrial and a new trial are not the same thing in name or effect. There is a marked difference between a court's granting a

motion for a new trial and declaring a mistrial; the former contemplates that a case has been tried, a judgment rendered, and on motion therefor said judgment set aside and a new trial granted, while the latter results where, before a trial is completed and judgment rendered, the trial court concludes that there is some error or irregularity that prevents a proper judgment being rendered in which event a mistrial may be declared. A mistrial is a matter of law, while a new trial results from the exercise of discretion; a mistrial is a nugatory trial, while a new trial recognizes a completed trial which for sufficient reasons has been set aside so that the issues may be tried or litigated de novo."

In addition, the commonly accepted concept of the mechanics of a mistrial is that when a mistrial is declared and the jury is discharged, the trial is terminated and is begun over again on another day. Its mechanical and its legal performance is impossible after verdict, judgment, and discharge of the jury. A motion for a mistrial is a procedural tool whetted and honed for use during the trial to cut it short for legal reasons which preclude a verdict and entering a judgment that cannot possibly stand. It can therefore be utilized only as a pre-verdict motion and not a post-verdict or post-trial motion.

■■ Section 68—1(5) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 68.1(5)), specifically states that any person who fails to seek a new trial in his post-trial motion waives the right to apply for a new trial, except in cases in which the jury has failed to reach a verdict. In discussing this statute in *Freeman v. Chicago Transit Authority*, 33 Ill.2d 103, 210 N.E.2d 191, at page 105, the supreme court discusses the statutory provision and states, "While the section thus confines a litigant, upon appeal, to those matters specifically raised in the trial court, it contains nothing that suggests an intention to interfere with the power of a trial court to act upon its own motion." The record in this case, however, negates any thought that the trial court was acting on its own motion, but affirmatively shows that it was acting in specific response to a specific motion made by the plaintiff. That motion was a motion to declare a mistrial. There was no authority for the trial court to entertain or consider such a motion after verdict and judgment. Orderly practice procedures are prescribed for the proper and expeditious disposition of issues on review. Such procedures were not followed here. It was error on this record for the trial court to set aside the verdict of the jury and grant a new trial and in so doing, it followed no recognized or proper course of procedure. A mistrial after verdict is unauthorized. No motion for new trial was ever filed. It is crystal clear from this record that the trial judge did not grant a new trial on his own motion. Under such circumstances,

this court must reverse and remand to the circuit court with directions to reinstate the verdict in favor of the plaintiff and against the defendant. *Nolan v. Shaf Manufacturing Co.*, 128 Ill.App.2d 19, 261 N.E.2d 209.

Reversed and remanded with directions.

CRAVEN and SIMKINS, JJ., concur.