382 S.E.2d 352

**Geraldine M. VILAR, Charles G. Curry, and Charles E. Curry**

**v.**

**Margaret M. FENTON, as Executrix of the Purported Will of Wiley V. Curry, and Margaret M. Fenton.**

**No. 18537.**

Supreme Court of Appeals of West Virginia.

July 5, 1989.

Gregory T. Hinton, Fairmont, for Vilar, and Curry.

Frank V. Sansalone, Fairmont, for Margaret M. Fenton.

BROTHERTON, Chief Justice.

This is an appeal from a final order, entered September 17, 1987, of the Circuit Court of Marion County. In that order the trial judge *sua sponte* declared a mistrial and recused himself from the case. The appellants argue that the trial judge erred by declaring a mistrial when he disqualified himself from presiding further over the case. We agree; therefore, we reverse.

On June 4, 1980, Wiley Curry executed a will that named Margaret Fenton, the appellee, as his executrix and sole beneficiary. That same day, Mr. Curry executed a written power of attorney to allow the appellee to conduct his affairs. After Mr. Curry's death, the appellants filed this action against Ms. Fenton. The appellants

alleged that the decedent's will and the power of attorney were invalid. After a two-day trial, a jury found the will invalid.

The appellee filed a motion for a new trial. *See* W.Va.R.Civ.P. 59. At a hearing on September 17, 1987, counsel for the appellants reported to the court that the appellants were related to a person who had filed an ethics complaint against the trial judge several years earlier.[1] The trial judge *sua sponte* declared a mistrial, recused himself from the case, and transferred further proceedings to another circuit judge.

■ Initially, the trial court erred by declaring a mistrial after the jury had rendered a verdict. The traditional distinction between a mistrial and a new trial is set out in 66 C.J.S. New Trial 1(c) (1962):

A mistrial and a new trial are not the same thing in name or effect. There is a marked difference between a court's granting a motion for a new trial and declaring a mistrial; the former contemplates that a case has been tried, a judgment rendered, and on motion therefor said judgment set aside and a new trial granted, while the latter results where, before a trial is completed and judgment rendered, the trial court concludes that there is some error or irregularity that prevents a proper judgment being ren-

dered, in which event a mistrial may be declared. A mistrial is a matter of law, while a new trial results from the exercise of discretion; a mistrial is a nugatory trial, while a new trial recognizes a completed trial which for sufficient reasons has been set aside so that the issues may be tried or litigated de novo.[2]

Consequently, it is generally recognized that prior to the entry of the verdict by a jury, a mistrial is procedurally possible; however, declaring a mistrial after the jury verdict is rendered is improper.[3] The Illinois court has aptly summarized this point in *Williams v. Deasel,* 19 Ill.App.3d 353, 311 N.E.2d 414 at 415 (1974):

A motion for a mistrial is a procedural tool whetted and honed for use during the trial to cut it short for legal reasons which preclude a verdict and entering a judgment that cannot possibly stand. It can therefore be utilized only as a pre-verdict motion and not a post-verdict or post-trial motion.

In the case at bar, only after the verdict had been entered, the jury discharged, and a motion for a new trial filed, did the trial judge become aware of possible grounds for his disqualification; thus, his declaring a mistrial was procedurally incorrect.

■ Furthermore, because it appears that the trial judge did not learn of the

1. The appellants' counsel told the court:

That Charles G. Curry, one of the plaintiffs in this case, is the father of Wilma Johnson. Wilma Johnson is the mother of Rick Johnson who is the husband of Teresa Johnson who filed an ethics complaint against the judge in his role as an attorney but not as a judge. The other plaintiff, Geraldine Vilar, is the niece of Charles Curry and is the cousin to Rick Johnson, and I was informed of that prior to coming into Court this morning by my client. I have no idea why she didn't indicate it to me beforehand. I'm not sure she knew it beforehand or even made the connection. She might have known it but never made the connection.

2. Rule 59(a)(1) of the West Virginia Rules of Civil Procedure implicitly states this:

A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new

trials have heretofore been granted in actions at law ...

3. *Price v. Greenway,* 167 F.2d 196 (3rd Cir.1948); *Gregory v. Colvin,* 235 Ark. 1007, 363 S.W.2d 539 (1963); *Thomas v. Ware,* 44 Ala.App. 157, 204 So.2d 501 (1967); *In re Bartholomae's Estate,* 261 Cal.App.2d 839, 68 Cal.Rptr. 332 (1968); *Joe & Dan Intern. Corp. v. U.S. Fidelity & Guar. Co.,* 178 Ill.App.3d 741, 127 Ill.Dec. 830, 533 N.E.2d 912 (1988); *People v. Jamerson,* 196 Colo. 63, 580 P.2d 805 (1978); *Vilander v. Hawkinson,* 183 Kan. 214, 326 P.2d 273 (1958); *State v. Robbins,* 455 S.W.2d 24 (Mo.App.1970); *State v. Johnson,* 248 S.C. 153, 149 S.E.2d 348 (1966); *Shawver v. Roberts Corp.,* 90 Wis.2d. 672, 280 N.W.2d 226 (1979); *c.f. United States v. Whaley,* 830 F.2d 1469 (7th Cir.1987), *cert. denied,* 486 U.S. 1009, 108 S.Ct. 1738, 100 L.Ed.2d 202 (1988); *Newton v. Superior Ct. of Cal.,* 803 F.2d 1051 (9th Cir.1986) *cert. denied* 481 U.S. 1070, 107 S.Ct. 2464, 95 L.Ed.2d 873 (1987); *United States v. Akers,* 702 F.2d 1145 (D.C.Cir.1983). *See generally,* 58 Am.Jur.2d New Trials § 2 (1971); 66 C.J.S. New Trials § 1(c).

relationship between the appellant and Teresa Johnson until after the trial, his rulings during the trial could not have reflected any prejudice. If, when he became aware of that relationship, recusal was proper, he was precluded from making any further rulings in the case. *Stern Bros., Inc. v. McClure,* 160 W.Va. 567 at 575, 236 S.E.2d 222 at 227 (1977).

Moreover, the trial judge did not follow the appropriate procedure in recusing himself and in transferring the proceeding to another circuit judge.[4]

> [S]uch matters [should] be communicated in writing to the Chief Justice of this Court. While there may arise occasions in connection with a disqualification of a judge that require immediate personal communication with the Chief Justice of this Court, no such emergency existed in the present case. Obviously, the purpose of requiring full disclosure to this Court is to enable it to make an intelligent decision on the matter.

*Stern Bros., Inc. v. McClure,* 160 W.Va. at 575, 576, 233 S.E.2d at 227.

From the record before us, we doubt recusal was warranted in this instance. However, because the trial judge has already recused himself and the parties have borne the expense and time of this appeal, we will not in this case insist on strict compliance with T.C.R. Rule XVII(C)(1). In the interest of judicial economy, we transfer all further proceedings, including appellees' motion for a new trial, to the Honorable Fred L. Fox, II.[5]

For the foregoing reasons, the judgment of the circuit court is reversed and this case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

---

4.  Rule XVII(C)(1) of the Rules for Trial Courts of Record provides, in pertinent part: "If the recusal is deemed warranted, the Chief Justice shall designate another circuit judge to hear the proceeding.

5.  The appellants also contend that the trial court erred by precluding their challenge to the validity of the power of attorney. If the case must be retried, the appellants should be allowed to assert this claim. W.Va.R.Civ.P. 18. It is not clear from the present record that if the jury verdict is upheld, whether the appellants still desire to challenge the validity of the power of attorney. Upon remand the trial court should determine this issue.