# Illinois Official Reports

## Appellate Court

---

*Burkhamer v. Krumske*, 2015 IL App (1st) 131863

---

| | |
|---|---|
| Appellate Court Caption | KEVIN L. BURKHAMER, Plaintiff-Appellant, v. MEL RICHARD KRUMSKE, Defendant-Appellee. |
| District & No. | First District, Sixth Division<br>Docket No. 1-13-1863 |
| Filed | June 12, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-L-12116; the Hon. Arnette R. Hubbard, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | Michael W. Rathsack and Matthew A. LaSusa, both of Chicago, for appellant.<br><br>Jonathan T. Koehler, of Ripes, Nelson, Baggot & Kalobratsos, P.C., of Chicago, for appellee. |
| Panel | JUSTICE HALL delivered the judgment of the court, with opinion.<br>Presiding Justice Hoffman and Justice Rochford concurred in the judgment and opinion. |

**OPINION**

¶ 1    Pursuant to Illinois Supreme Court Rule 306(a)(1) (eff. July 1, 2014), the plaintiff, Kevin Burkhamer, filed a petition for leave to appeal from an order of the circuit court of Cook County granting a new trial to the defendant, Mel Richard Krumske. We allowed the petition. On appeal, the plaintiff contends that the trial court erred in ordering a new trial and that the trial court abused its discretion when it granted the defendant a mistrial.

¶ 2    On September 9, 2008, the plaintiff was injured when he was struck by a car driven by the defendant. At the time of the accident, the plaintiff was 33 years old and married with three minor children. His employment included jobs as an ironworker and an excavator. He also did farming and repaired welding equipment. All of his jobs required the use of his hands.

¶ 3    The plaintiff filed a personal injury complaint against the defendant. The defendant admitted negligence, and the parties agreed to excuse the defendant from attending the trial due to his poor health condition. The case proceeded to a jury trial on damages.

¶ 4    The plaintiff testified that following the accident, he suffered bruising on his hip, elbow and shoulder on his left side. His left hand was numb, and he could not grab anything with it. His neck and back were very sore. The plaintiff began to suffer dizziness as the result of his head striking the windshield of the defendant's car and the pavement.

¶ 5    By the time of trial, the plaintiff's neck and back were better, and his symptoms were reduced to a nagging and annoying pain. His left hand injury was finally resolved by surgery, and his hand was close to normal. The plaintiff still suffered from dizziness preventing him from doing ironwork and tossing his kids in the air while he was playing with them. The dizziness also prevented him from participating in sports. The plaintiff's total medical bills were just under $45,000.

¶ 6    Each party presented expert medical testimony. In her evidence deposition, Dr. Julie Wehner, the plaintiff's expert and a board-certified orthopedic surgeon, testified that in the accident, the plaintiff sustained injuries, including contusions and sprains, a closed head injury, aggravation of his preexisting degenerative spine condition, and a fracture of a carpel bone in his left hand. The doctor opined that the accident caused the plaintiff's injuries and resulted from the collision with the defendant's car. While his hand injury was resolved through surgery and his other injuries would resolve over time, the doctor could not rule out the need for further surgery to treat his degenerative spine condition. In her evidence deposition, Dr. Elizabeth Kessler, the defendant's expert and a board-certified neurologist, opined that the accident did not aggravate the plaintiff's preexisting degenerative spine condition or cause his hand injury, based on his inconsistent descriptions of the accident to the various medical providers who treated him, and the timing of his complaints of pain.

¶ 7    On direct examination, the plaintiff was asked if he ever had a conversation with the defendant. After the plaintiff responded no, defense counsel objected. The trial court sustained the objection on the basis of relevance. The plaintiff was then asked if he was aware that the defendant had admitted negligence just before trial. When the plaintiff answered yes, the trial court sustained defendant's objection and ordered the jury to "disregard the mention of the timeline." The plaintiff was then asked if the defendant called him to apologize. Defense counsel objected on the basis of relevance, and the trial court granted his request for a sidebar.

¶ 8        During the sidebar, defense counsel argued that the plaintiff's line of questioning was designed to inflame the jury and moved for a mistrial. The plaintiff's counsel denied that his line of questioning was improper. He explained that the questioning was designed to show the effect the defendant's refusal to admit liability until the day of trial had on the plaintiff's pain and suffering. Defense counsel pointed out that the plaintiff had denied suffering emotional injuries from the accident and that the questions were an attempt to "smear my client and make him look bad" to the jury and "to prejudice the jury emotionally against" the defendant.

¶ 9        The trial court agreed that the line of questioning was improper and sustained the objection. The court then expressed concern that the line of questioning might continue and questioned whether an objection would be curative at this point in the trial. After the plaintiff's counsel assured the court that he was at the very end of his direct examination of the plaintiff, the trial court stated as follows:

> "I'm going to take this motion [for mistrial] under advisement. I'm going to let us proceed and then we will–I'll be able to determine this, of course the point is cited is at the present. However, it may be possible that future conduct will be an appropriate consideration of my ruling on this motion. All right?
>
> [Defense counsel]: Okay."

¶ 10        In closing argument, the plaintiff requested that the jury award him damages in the amount of $324,000, which included $44,000 for medical treatment. The defense counsel argued that the evidence supported an award of $24,536, which included medical expenses, and compensation for pain and suffering and loss of a normal life. The jury returned a verdict for the plaintiff in the amount of $175,000: $50,000 for loss of a normal life, $50,000 for pain and suffering, $31,000 for future pain and suffering and $44,000 for past medical expenses. The trial court asked if there were any matters to address before it discharged the jury. When the plaintiff's counsel answered no, the court thanked the jurors for their service and discharged them.

¶ 11        Defense counsel then reminded the trial court that his motion for mistrial was pending. In arguing for a mistrial, defense counsel maintained that the plaintiff's line of questioning and the fact that the defendant was not present for the trial prejudiced the jury against the defendant. The excessive damage award to the plaintiff reflected that the jury sought to punish the defendant rather than compensate the plaintiff for his injuries. The plaintiff's counsel responded that since the defendant had admitted negligence, his questioning of the plaintiff did not prejudice the defendant and that the jury's award was supported by the evidence. The trial court then stated as follows:

> "Looking at the overall facts together with the Jury's verdict and with the remarks concerning defendant's actions more than once, and with those comments continuing after the Court's sustaining the objections and the Court not being convinced that there was a basis to justify those questions and, certainly, they did not–those questions did not go to the defendant–the plaintiff's emotional state is that there was no claim for emotional impact or damages based on any claim of emotional factor. The Court (inaudible) is not persuaded that the impact of that kind of argument is unknown to the person's [*sic*] before the Court.
>
> The question is whether those circumstances were such that the Jury then made a determination of an award substantially greater–I don't know if that should be

substantially, but in this case, perhaps substantially greater than it would have had not that line of questioning been pursued.

In the (inaudible) of negligence and argued as to sums that in defendant's mind, reasonably compensated plaintiff, and plaintiff argued as to sums that would reasonably compensate plaintiff, both are proper, but I'm looking at the amount in this case, and in light of the testimony, and I am not persuaded that the jury did not return [a] verdict inflated by passion. For this reason, the motion for a new trial is granted."

¶ 12 The plaintiff filed a motion to vacate the trial court's oral order granting a mistrial and a new trial. The plaintiff also filed a motion to enter judgment on the verdict.

¶ 13 On May 17, 2013, the parties appeared before the trial court. Although the court had requested that the defendant draft an order memorializing the terms of the court's May 16, 2013, oral ruling, the court declined to sign the proposed order, stating that the terms had already been set forth on the record. In its May 23, 2013, order, the trial court denied the plaintiff's motions to enter judgment on the verdict and to vacate the court's oral ruling granting the motion for a mistrial. The trial court found that the defendant had not waived his right to a mistrial because the court had not entered judgment on the verdict prior to ruling on the motion for a mistrial.

¶ 14 Pursuant to Rule 306(a), the plaintiff filed for leave to appeal from the trial court's order granting the defendant a new trial, which we allowed.

¶ 15                                              ANALYSIS

¶ 16 Rule 306 provides that "[a] party may petition for leave to appeal to the Appellate Court from the following orders of the trial court: (1) from an order of the circuit court granting a new trial." Ill. S. Ct. R. 306(a)(1) (eff. July 1, 2014). Prior to the enactment of the Civil Practice Act (the Act) in 1933 (Ill. Rev. Stat. 1935, ch. 110, ¶¶ 129-222), parties had no right to appeal a trial court's order granting a new trial. *Stephans v. Chicago Transit Authority*, 28 Ill. App. 2d 229, 232 (1960). Section 77(2) of the Act provided that a party may appeal from an order granting a new trial on leave of the reviewing court. *Stephans*, 28 Ill. App. 2d at 232; Ill. Rev. Stat. 1959, ch. 110, ¶ 77(2). Section 77(2), the precursor to Rule 306(a)(1), was designed to prevent a proper verdict from being lost to the party who was clearly entitled to it. *Stephans*, 28 Ill. App. 2d at 232; see Ill. S. Ct. R. 306, Committee Comments (rev. Sept. 1983) (Rule 306 replaced former Rule 30 which in turn was derived from former section 77(2) of the Act).

¶ 17 Appeals pursuant to Rule 306 are permissive. Ill. S. Ct. R. 306 (eff. July 1, 2014). We will grant leave to appeal if "[the petition] presents grounds which are reasonably debatable and fairly challenge the propriety of the order [citation], or if it clearly demonstrates that the circuit court abused its discretion by ordering the new trial." *Allied American Insurance Co. v. Culp*, 243 Ill. App. 3d 490, 492 (1993).

¶ 18 A mistrial is defined as "either a trial 'that the judge brings to an end, without a determination on the merits, because of a procedural error or serious misconduct occurring during the proceedings,' or a trial that 'ends inconclusively because the jury cannot agree on a verdict.' " *Redmond v. Socha*, 216 Ill. 2d 622, 640 (2005) (quoting Black's Law Dictionary 1023 (8th ed. 2004)). "A motion for a mistrial is a procedural tool designed to cut short a trial for legal reasons which preclude a verdict and judgment." *McGrath v. Chicago & North Western Transportation Co.*, 190 Ill. App. 3d 276, 279 (1989). "This motion prevents parties

- 4 -

from getting two chances at a verdict." *McGrath*, 190 Ill. App. 3d at 279. A motion for a mistrial must be made before a verdict is rendered; it is untimely if it is made either after the verdict is rendered or a judgment is entered on the verdict. *Joe & Dan International Corp. v. United States Fidelity & Guaranty Co.*, 178 Ill. App. 3d 741, 745-46 (1988). "When the jury returns a unanimous verdict, a motion for mistrial is untimely and inappropriate." *Redmond*, 216 Ill. 2d at 640.

¶ 19    The plaintiff contends that the motion for mistrial was untimely because the defendant waited until after the jury returned its verdict to obtain a ruling on the motion. The defendant maintains that his motion for mistrial was timely in that it was made during the questioning of the plaintiff, and the trial court had not entered judgment on the verdict at the time he requested a ruling on the motion.

¶ 20    In *McGrath*, the plaintiffs moved for a default judgment during the questioning of a witness. The trial court considered the motion as one for mistrial and reserved its ruling. The plaintiffs waited until the jury returned a verdict to seek a ruling on their motion for mistrial. Although the trial court stated it would rule on the motion for mistrial prior to entering judgment, the judgment was entered on the jury verdict without a ruling on the mistrial motion. The plaintiffs filed a posttrial motion seeking a new trial contending, *inter alia*, that the trial court should have granted the motion for mistrial. *McGrath*, 190 Ill. App. 3d at 279-80. This court ruled that the plaintiffs had waived their request for a mistrial as a basis for a new trial by failing to ask for a ruling at the time the trial court determined their request was one for a mistrial, and then by failing to renew the motion before the jury returned its verdict. *McGrath*, 190 Ill. App. 3d at 280.

¶ 21    The record in the present case reflects that the defendant did not request an immediate ruling at the time he moved for a mistrial and agreed to the trial court's reservation of the ruling on the motion. At no time prior to the return of the verdict did the defendant seek a ruling on the motion for mistrial. A movant has the responsibility to obtain a ruling on his motion if he is to avoid forfeiture on appeal. *Hernandez v. Pritikin*, 2012 IL 113054, ¶ 41.

¶ 22    The defendant finds support in *Redmond*, where the supreme court held that *McGrath* "does not stand for the proposition that a verdict can never be set aside and a new trial ordered once the jury in a civil case has reached a verdict. Rather, it stands for the proposition that an error at trial that would be a sufficient basis for declaring a mistrial must be asserted in a timely manner." *Redmond*, 216 Ill. 2d at 640. *Redmond* did not address a motion for mistrial. Rather the court noted that "even when a jury has rendered a unanimous verdict, making a motion for mistrial improper," a party may still seek a new trial based on grounds which arise after the verdict is returned, such as inconsistent verdicts or that the verdict is against the manifest weight of the evidence. *Redmond*, 216 Ill. 2d at 640-41. Therefore, *Redmond* does not support the defendant's argument.

¶ 23    The defendant maintains that he was not required to file a posttrial motion to preserve his right to seek a new trial, because the trial court declared a mistrial and, unlike the courts in *McGrath* and *Williams v. Deasel*, 19 Ill. App. 3d 353 (1974), the court never entered judgment on the verdict. See 735 ILCS 5/2-1202(c) (West 2012) (posttrial motions must be filed within 30 days of the entry of judgment or the discharge of the jury if no verdict was reached).

¶ 24    "Unless the verdict failed to express the intent of the jury and could not be understood by the court," a trial court errs when it fails to enter a judgment on a jury verdict. *Marotta v. General Motors Corp.*, 108 Ill. 2d 168, 176-77 (1985); see 735 ILCS 5/2-1201(b) (West 2012)

(prompt rendition of judgment on the verdict is mandatory). Our supreme court explained the reason for the provision as follows:

> "The provision for prompt entry of judgment appears to have been intended to make uniform the commencement of the running of the time within which posttrial motions must be filed. Section 2-1202 *** provided that such motions must be filed within 30 days after entry of judgment." *Marotta*, 108 Ill. 2d at 176.

¶ 25 No issue was raised in this case as to whether the verdict expressed the jury's intention or whether the trial court understood the verdict. Therefore, the trial court erred when it failed to enter judgment on the jury verdict in this case. The defendant's reliance on section 2-1202(c) of the Code of Civil Procedure (735 ILCS 5/2-1202(c) (West 2012)) is misplaced. Section 2-1202(c) did not prevent the defendant from filing a posttrial motion requesting a new trial. It only provides a time limit for filing a posttrial motion.

¶ 26 The report of proceedings in this case reveals a failure to comply with the well-settled rules of procedure. The court in *Williams* faced a similar situation, and its analysis is instructive.

¶ 27 In *Williams*, the trial court entered judgment on a jury verdict for the plaintiff and discharged the jury. The plaintiff then sought a ruling on his motion for mistrial based on the defendant's argument concerning excluded medical evidence. The next day, the court allowed the motion for mistrial, vacated the judgment and ordered a new trial. The defendant appealed, and the appellate court granted leave to appeal from the order granting the new trial. *Williams*, 19 Ill. App. 3d at 354.

¶ 28 On review, the appellate court observed that "no written motion of any kind was filed before the trial judge after verdict and judgment. Instead plaintiff orally renewed his motion to declare a mistrial." *Williams*, 19 Ill. App. 3d at 354. In his brief the plaintiff acknowledged that the renewal of his motion was the only motion made after trial that could be called a posttrial motion within the meaning of Rule 306. The court observed that there were differences between a new trial and a mistrial, explaining as follows:

> " 'A mistrial and a new trial are not the same thing in name or effect. There is a marked difference between a court's granting a motion for a new trial and declaring a mistrial; the former contemplates that a case has been tried, a judgment rendered, and on motion therefor said judgment set aside and a new trial granted, while the latter results where, before a trial is completed and judgment rendered, the trial court concludes that there is some error or irregularity that prevents a proper judgment being rendered in which event a mistrial may be declared. A mistrial is a matter of law, while a new trial results from the exercise of discretion; a mistrial is a nugatory trial, while a new trial recognizes a completed trial which for sufficient reasons has been set aside so that the issues may be tried or litigated de novo.' " *Williams*, 19 Ill. App. 3d at 354-55 (quoting 66 C.J.S. *New Trial* § 1(c)).

The court further explained that the "mechanical and *** legal performance [of a mistrial are] impossible after verdict, judgment, and discharge of the jury" and "can therefore be utilized only as a pre-verdict motion and not a post-verdict or post-trial motion." *Williams*, 19 Ill. App. 3d at 355.

¶ 29 The court in *Williams* recognized that while a litigant must seek a new trial in his posttrial motion or it is waived, the trial court may act on its own motion. *Williams*, 19 Ill. App. 3d at 355. However, the record in the case before it "negate[d] any thought that the trial court was

acting on its own motion, but affirmatively show[ed] that it was acting in specific response" to the "motion to declare a mistrial. There was no authority for the trial court to entertain or consider such a motion after verdict and judgment." *Williams*, 19 Ill. App. 3d at 355. The court concluded as follows:

> "Orderly practice procedures are prescribed for the proper and expeditious disposition of issues on review. Such procedures were not followed here. It was error on this record for the trial court to set aside the verdict of the jury and grant a new trial and in so doing, it followed no recognized or proper course of procedure. A mistrial after verdict is unauthorized. No motion for new trial was ever filed. It is crystal clear from this record that the trial judge did not grant a new trial on his own motion. Under such circumstances, this court must reverse and remand to the circuit court with directions to reinstate the verdict in favor of the plaintiff and against the defendant." *Williams*, 19 Ill. App. 3d at 355-56.

¶ 30    As in *Williams*, the proper procedure for preserving issues for review was not followed in this case. The defendant waived his motion for a mistrial by failing to seek a ruling on it prior to the return of the jury's verdict and then failed to file a posttrial motion requesting a new trial. See 735 ILCS 5/2-1202(e) (West 2012) (a party's failure to seek a new trial in his posttrial motion waives the right to apply for a new trial). The trial court was not acting *sua sponte* in ordering a new trial for the defendant but was responding to his request for a ruling on his motion for mistrial. Therefore, the trial court had no authority to grant the defendant a new trial.

¶ 31    We reject the defendant's argument that his request for a ruling on his motion for mistrial was timely because it was made prior to the entry of the judgment. To accept the defendant's argument would allow parties to wait until a verdict was reached and then decide whether to accept a favorable verdict or assert a previous request for a mistrial, allowing them "two bites of the apple" and defeating the purpose for the waiver rule. See *McGrath*, 190 Ill. App. 3d at 279.

¶ 32    We conclude that the defendant waived his right to a mistrial by waiting until after the jury returned its verdict to seek a ruling on his motion for mistrial. We further conclude that the defendant waived his right to a new trial by failing to file a posttrial motion. Therefore, the trial court erred when it ordered a new trial in this case.

¶ 33    We reverse the order for a new trial. This case is remanded to the circuit court with directions to reinstate the verdict in favor of the plaintiff and against the defendant and enter judgment thereon.

¶ 34    Reversed and remanded with directions.